LEWIS & BRO. v. CONRAD, YOUNG & CO.

1. JUDGMENT AGAINST CO-PARTNERSHIP. Where property was seized un-

der an attachment against a co-partnership, and the return of the sheriff was silent as to whether it was the property of the co-partnership or of a member thereof; it was held that *prima facie* it was co-partnership property, and it should appear either that it was exhausted, or that there was some good reason why it was not subject to the judgment, before the plaintiff would be allowed to proceed against the separate property of individual members of the firm.

### *Appeal from Mills District Court.*

### SATURDAY, OCTOBER 6.

PLAINTIFF sued and obtained judgment against defendants in their partnership name. An attachment issued, which was levied upon certain property, a portion of it being the separate property of the individuals composing the firm, and as to the ownership of the other the officer's return is silent. Under an execution issued upon the judgment the sheriff levied upon and sold other property than that attached, the same being the separate property of one member of the firm. At the next term of the District Court, upon his motion, this writ, levy and return were set aside, and from this order plaintiffs appeal.

*Rice, Myers & Rice* for the appellants, cited *Stout* v. *Fortner*, 7 Iowa 185; *Scudder* v. *Delashmut*, Ib. 39; Story Eq. Jur. section 1253 *et seq.;* Code of 1851, section 1691.

*R. L. Douglas* for the appellee.

WRIGHT, J.—Whether upon a judgment against a partnership, an execution may issue, and thereunder the individual property of those composing the firm be sold, without some further step on the part of the plaintiff in the first instance, to make it liable, we do not deem it necessary to determine in this case. All doubt as to the proper practice, in this respect under section 1690 and 1691 of the Code, is set at rest by the corresponding section (181[1]) of the Code

1. Section 2785 Revision of 1860.

of Civil Practice now in force, and the question is therefore of but little practical importance.    The method pointed out now for making such property liable as by *scire facias*. Whether this course was necessary at the time the writ issued and the property was seized in this instance we need . not determine for the reason that upon another ground we conclude the ruling below was correct.

Plaintiffs had no right to levy upon individual property, if .‟sufficient cause was shown to the contrary,” to use the language of the Code.    Now property was attached, which *prima facie* and without any contrary showing, must be presumed to be partnership effects.    But what disposition was made of this nowhere appears.    We think it was the duty of plaintiffs at least to show that this property had been exhausted, or that there was some good reason why it was not subject to the judgment, before he could take individual property. .For this reason therefore, without examining the main questions, we conclude the court below did not err.

Judgment affirmed.