MARKHAM v. BUCKINGHAM *et al.*

1. **Judgment:** COPARTNERSHIP. Whether a judgment, rendered against a
firm in an action brought against it in the firm name alone, is a lien
only on the partnership property, has not been adjudicated by this
court.

2. **Parties:** PARTNERS. An action can be brought against a copartnership
either in the firm name or in the individual names of the copartners.

3. **Judgment:** LIEN. In a contest between the judgment debtor and a
purchaser under execution issued upon the judgment, it is competent
for the purchaser to show by the pleadings and record in the action,
that the judgment attached as a lein upon the property purchased by
him, although in form, upon the face of the judgment alone, it did not
appear to be a lien.

*Appeal from Monroe District Court.*

TUESDAY, DECEMBER 18

PETITION in equity to set aside a sheriff's sale of rea
estate, and the deed made pursuant to it, and to quiet
plaintiff's title, &c.   The defendants, G. Buckingham &
Co., in October, 1857, brought suit in the District Court
of Monroe county, against Andrew R. Myers & Henry
Markham, a mercantile firm, trading under the name and
style of Myers & Markham, upon a promissory note,
made to plaintiff and signed Myers & Markham.   They
were so described in the petition, and the original notice

was directed to them in the same way, and was personally served on each. They appeared by attorney and filed an answer under the caption of " G. Buckingham & Co., v. R. B. Myers & H. C. Markham." This same caption was used in all the pleadings, except that plaintiff in his pleading gave the full christian names of defendants instead of the initials thereof. The cause was number forty-three on the civil docket. It was tried to the court without a jury, and a judgment rendered for the plaintiff for the amount of the note sued on with interest ($1,993.12). The caption of the judgment entry was as follows: " G. Buckingham & Co., v. Myers & Markham, number forty-three; suit on note."

Several payments were made on this judgment by this plaintiff, one of the defendants therein, H. C. Markham. On the first day of October, 1860, there being a balance of about two hundred dollars principal due thereon, an execution was issued against " Myers & Markham " therefor. Under this execution the sheriff levied upon two lots in Albia, the property of H. C. Markham, and, after advertising, sold the same to G. Buckingham, one of the judgment plaintiffs, for two hundred and. seventy-five dollars, which was credited on the execution. Buckingham received possession of the property from Markham, and afterward leased it to him for a time, and then to others. In September, 1863, Buckingham sold the property to defendant Townsend, and he sold an undivided half thereof to the defendant Perry, and they took possession, and made improvement thereon. This suit was brought in September, 1865. The District Court dismissed the plaintiff's petition, and he appeals.

*Anderson & Dashiel* for the appellant.

*Perry & Townsend* for the appellee.

COLE, J.—Where an action is brought against a partnership, in their firm name alone, whether the judgment
1. JUDGMENT: rendered therein is a lien only on the partner-
copartnership. ship property, is a question not yet adjudicated by this court. But the judgment plaintiff may, by *scire facias*, make the individual property of the members composing the firm liable to the judgment. *Lewis & Bros.* v. *Conrad, Young & Co.*, 11 Iowa, 153; *Davis & Co.* v. *Buchanan & Bone*, 12 Id., 575; · Rev. 1860, § 2785.

The partnership may, however, be sued in the individual names of its members. Rev., § 2785. Such course was
2. PARTIES: necessary at the common. law. *Davis & Co.*
partners. v. *Buchanan & Bone, supra; Hamsmith* v. *Espy*, 13 Iowa, 440. Under our code the partnership is recognized as an individuality, separate and distinct, or rather different from the members, and hence the right to sue and be sued in the partnership name.

· In a contest between the judgment debtor and a purchaser under execution issued upon the judgment, it is
2. JUDGMENT: entirely competent for the purchaser to show
lien. by the pleadings and record in the action that the judgment attached as a lien upon the property purchased by him, although, in form, upon the face of the judgment alone, it did not appear to be a lien. *Christy* v. *Dyer*, 14 Iowa, 438; *Patterson* v. *Linder*, Id., 414; *Delevan* v. *Pratt*, 19 Id., 429. In the case last named, it was held that such showing did not in the least infringe upon the rule that a judgment is conclusive between the parties. In *McCoun* v. *Holmes & Chinn* (4 Littell [Ky], 389), where a judgment against one of two partners on a firm note, was entered by confession in the singular number, it was *held* to be a judgment against both, the previous part of the order, and other circumstances manifest-

ing that the entry in the singular number was a clerical mistake.

When a plaintiff sues a firm by giving the individual names and serving all with notice, he may take the property of either partner under his execution, without *scire-facias*. *Hamsmith* v. *Espy, supra; Jones* v. *Jones,* 13 Iowa, 276; *Levally et al.* v. *Ellis et al.*, Id., 544.

In the case under consideration, it was entirely competent and proper to introduce in evidence, and consider the pleadings and other records in the cause wherein the judgment was rendered, under which the sale of the property in controversy was made. Those pleadings and records disclose, beyond controversy, the fact that this plaintiff was sued as an individual, and as one of the persons composing the firm of Myers & Markham; was served with notice as such individual, appeared and answered as such, and after the rendition of the judgment, made payment thereon in the same character. Whether the judgment entry against "Myers & Markham" shall be re garded as a clerical mistake, as in *McCoun* v. *Holmes & Chinn, supra;* or as an abbreviation of the full names of the respective partners, or as an entry of judgment against the firm, it is not material definitely to determine. In view of the entire record of that case, there can be no serious question that the judgment, as between these parties, was a lien upon the property sold under it, and as a consequence, that the sale thereof was valid. Especially so, after the recognition of the rights of the purchaser at the sale, by the surrender of possession to him, and the accepting of a lease from, and the payment of rent to such purchaser, by the execution defendant, the defendant Townsend having acquired his title upon the faith of such recognition and acts.

It will be remembered that this plaintiff bases his right to set aside the sale solely upon the ground that the judg-

ment was against the firm of Myers & Markham, and not against him individually. No question is made as to the adequacy of the price bid and paid at the sheriff's sale, or as to the manner of the sale.

Affirmed.