## CUMMINGS v. LONG *et al.*

1. HOMESTEAD: JUDGMENT LIEN. A judgment does not attach as a lien upon premises held by the judgment defendant as a homestead, either while occupied as such, or when sold and the possession surrendered by the husband and wife. (Following *Lamb* v. *Shays*, et al., 14 Iowa, 567.)

2. NOTICE: JUDGMENT DOCKET AS NOTICE. The statute requires that the index to the judgment docket shall be under the name of each person named as plaintiff or defendant. The entry of a judgment in the "record book," and in the "judgment docket," under the title of a single plaintiff and defendant, with the addition of "*et al.*" to the name of the defendant, without an index referring to each of the defendants, does not operate as notice to third persons of who were included therein as defendants.

*Appeal from Boone District Court.*

TUESDAY, APRIL 12.

SEPTEMBER 15, 1855, Hayden, Keeler and McCall, in their individual names, made their note to the respondent, Long, for about six hundred dollars, due March 15, 1856. Prior to the April Term, 1857, of the Boone District Court, suit was instituted upon this note, the caption and body of the petition describing the makers by name. The entry in the record book commences: "*John Long* v. *Samuel Hayden et al.*," and the judgment on the 10th day of April, 1857, is against "the said defendants," without further naming them. The abstract of the judgment in the "judgment docket" is in the same form.

May 25, 1855, the said McCall acquired the title to lots 7 and 8, in block 27, in Boonsboro; and on the 7th of

June, 1856, purchased lots 5 and 6, in the same block. On the 2d of November, 1857, McCall and wife conveyed these premises to Thomas W. Ward, who, by deed of May 24, 1859, conveyed them to complainant. McCall occupied and used the said premises as his homestead at the time Long obtained his judgment, as also at the time he sold to Ward. It is also assumed, rather than stated in express terms, that they constituted his homestead from the time of his purchase, in May, 1855. In 1861, the respondent, Long, ordered an execution to be issued against the defendants, Hayden, Keeler and McCall, as individuals, and levied upon the said lots, as the property of McCall. Complainant applied for and obtained an injunction to restrain said sale, which was afterwards dissolved, and he appeals.

*I. J. Mitchell* for appellant.

*John A. Hull* for appellees.

WRIGHT, C. J.—Upon what ground the injunction was dissolved, in this case, does not appear from the record. Neither do counsel, in their argument, advise us of the point ruled in the court below. One or two matters have prominence, however, and will receive attention.

Assuming that lots 7 and 8 were purchased "as the homestead" of McCall, at the time he took title (May 25, 1855), they were not liable to the payment of Long's judgment while used as such, for the debt upon which it was rendered was contracted afterwards, to wit, September 15, 1855. And the sale of these premises to Ward, in November, 1857, did not make them liable to said judgment; in other words, the lien of said judgment did not attach, upon the sale and surrender of the homestead and its possession. This point was expressly ruled in *Lamb* v. *Shays et al.*, 14 Iowa, 567.

Cummings v. Long.

The other lots, however, were purchased after the debt to Long was contracted, and, being conveyed after the judgment, were subject to the lien, if said judgment was so rendered and entered up as to operate as constructive notice of its existence. If not thus entered, then, though neither of the lots may have, within the meaning of the law, constituted the homestead of McCall, still Ward, and the complainant, as his grantee, would take the same, divested of said supposed lien.

And, so far as the record before us discloses the facts, we feel quite clear in holding that complainant and his grantee did not have constructive notice of this judgment. By the Code of 1851, it was provided that the clerk of the District Court should keep certain books, which, together with the original papers, in the causes adjudicated or pending therein, constituted the records. Among these books were the following: "First, a book containing the entries of the proceedings of the Court, which may be known as the "record book," and which is to have an index referring to each proceeding and each cause, under the name of the parties, both plaintiff and defendant, and under the name of each person named in either party. Second, a book containing an abstract of the judgments, having, in separate and appropriate columns, the names of the parties, the date of the judgments, the damages recovered, costs, the date of the issuance and return of executions, with the entry of satisfaction, and other memoranda; which book may be known as the "judgment docket," and is to have an index like that required for the record book. §§ 144, 145.

To enter a judgment in the "record book," and carry the same forward into the "judgment docket," under the title of *A. B.* v. *C. D. et al.*, without an index referring to each of the parties named as defendants, would not operate as notice to third persons, of who were included therein

as such defendants. Conceding that without the index, such an entry would be good, as to the property of C. D. (or in this case, Hayden), it would by no means follow that it would have the same effect as to his codefendants. The language of the statute is explicit, that the index must refer to all the parties, under the name of each person named as plaintiff or defendant. The several provisions of our statute regulating the registry of deeds and the entry of judgments, the whole theory of our legislation upon the subject of constructive notice by matters of record, forbid that a judgment entered as this one was, without indexing, should affect strangers, with knowledge of who were included in an affix so general and indefinite.

Other questions of minor importance have been discussed by counsel, but the foregoing constitute the body of the case. None of the other equities urged would avail to grant or refuse the relief asked.

If the facts are as we have supposed, the injunction should have been made perpetual. As the case is before us, however, upon the pleadings alone, which give but a very indefinite idea of the true or actual claims of the respective parties, we shall remand it, with leave to plead anew, or take such other steps as may lead to a complete adjustment of the rights of the respective parties, not inconsistent with this opinion.