## HUBBARD *v.* BARNES.

1. **Judicial sale:** UNDER EXECUTION RUNNING TO ANOTHER COUNTY: FILING OF TRANSCRIPT. Under section 3248 of the Revision, executions may issue into any county which the party ordering them may direct; and a valid sale of real estate may, as between the parties, and as to subsequent purchasers having actual notice thereof, be made in one county under execution issued on a judgment in another county, notwithstanding no transcript of the judgment is filed in the county where the land was situated and sold, as provided by section 3249.

2. —— The purpose of said section 3249 was to provide a method for effecting a lien of the judgment on real estate in the county where such transcript was filed, and the giving of constructive notice thereof and proceedings thereunder, by keeping a record which should show the same.

*Appeal from Wayne District Court.*

TUESDAY, JULY 26.

ACTION at law to recover the possession of eighty acres of land in Wayne county. Trial to the court without a jury; judgment for defendant. Plaintiff appeals.

*Stuart Brothers* for the appellant.

*H. H. Trimble* for the appellee.

BECK, J. — No question is presented except those touching the correctness of the decision of the court upon the facts disclosed by the evidence, which are as follows: The parties claim title to the land from one common source, Thomas Kyner, by whom the land was entered. Plaintiff's chain of title consists of two deeds: 1. A deed by the sheriff of Wayne county to Rockwell, dated August 6, 1863, and filed for record January 24, 1867. This deed recites a judgment against Kyner in favor of Johnson, in the district court of Decatur county, recorded June 22, 1861; an execution thereon to the sheriff of Wayne county, issued November 16, 1861, and a sale December 21, 1861, of the lands in question to plaintiff in execution, who assigned the certificate of sale to Rockwell. 2. A deed from Rockwell to plaintiff, dated October 25, 1864, and filed for record November 14, 1864.

The defendant's title rests upon the following conveyances: 1. A deed by Thomas Kyner to William Ramsey, dated September 23, 1865, and recorded same day. 2. A deed from Ramsey to defendant, dated November 9, 1868, and recorded February 16, 1869.

Evidence was given tending to prove that defendant's grantor, Ramsey, had actual notice of plaintiff's title and claim to the land, before his purchase. There is no material conflict in the testimony upon this point, and it appears from the evidence of Ramsey himself, that he, in fact, knew the land had been sold on a judgment execution in favor of Johnson, and that plaintiff claimed title under this sale. He states that he had the records of both Wayne and Decatur counties examined, and finding

no transcript of the judgment, evidence of sale nor deed, in Wayne county, nor any thing "against the title," according to his own expression, in Decatur county, he purchased the land. In his examination of the records in Wayne county he found the deed from Rockwell to plaintiff. There is no evidence that he made inquiry of plaintiff as to the foundation of his claim. The clerk of the district court of Wayne county testified, that he had examined the *indexes* of the record in his office, and found no record of the judgment against Kyner, nor of the sale of the land upon the execution.

The defendant insists that it is shown by the record that no transcript of the judgment, upon which the sale of the land was made, was filed in the office of the clerk of the district court of Wayne county, as required by Revision, section 3249, and that the other requirements of that section were not complied with, and that therefore plaintiff's title fails. This seems to have been the view adopted by the court below. The following sections of the Revision are applicable to the case under consideration :

"§ 3248. Executions from the district court may issue in the first instance into any county which the party ordering them may direct.

"§ 3249. When a judgment has been obtained in one county of this state, and the judgment creditor desires to send an execution into another county, he must also, if it has not already been done, send to be filed in such county a transcript of such judgment; and the sheriff of such county, to whom an execution may come from another county, shall return to the clerk of his county a copy of such execution and all his doings thereon, which shall be treated by the clerk of such county, and such entry made in regard thereto as if such execution had issued in that case from his office, to the end that the record in his

county may show all incumbrances by attachment or judgment on any lands therein, and all partial or total discharges of the same."

The provisions of the last one of the sections just quoted are directory only, and compliance therewith is not necessary to authorize the service of an execution in a county other than the one where the judgment was rendered. This is evident from the language of. the two sections considered together. If the directions of 3249 are not followed, no record notice of the levy, sale, etc., will exist. Neither will a judgment be a lien upon lands. §§ 4105—4107. It is very plain, however, that without a compliance with these provisions lands may be sold upon executions from another county. But in such a case the law will raise no presumption of notice of the sale. Actual notice, however, will supply the want of record notice, or, rather, the existence of actual notice, the very end aimed at by the statutory provisions above quoted, will supersede the necessity of the record. The familiar doctrine of the law, to the effect that actual notice of a conveyance or incumbrance supplies the place of the constructive notice arising from their registration, is applicable to the question under consideration touching the execution, levy and sale. After the execution of the sheriff's deed this very doctrine applies, and the instrument will be held valid as to all having actual notice thereof. We know of neither principle nor authority in conflict with this view.

From the record it clearly appears that actual notice of plaintiff's title under the sheriff's sale and deed, in fact specific knowledge by defendant's grantor of the existence of the title, was proved. Before the conveyance to defendants was executed plaintiff's deed was upon record. Defendant and his grantor must therefore be considered purchasers with notice of plaintiff's title. If

we are correct in these conclusions the district court should have sustained it.

One defense to the action is to the effect, that, in the settlement of a certain action brought by Ramsey against plaintiff's husband for trespass upon the land, she had agreed to convey her title to him, wherefore it is claimed she is estopped to deny his title. The defense is not supported by the evidence. If such an agreement was entered into it was by plaintiff's husband, and the proof fails to connect her with it, or to establish the fact that she was a party to or in any way bound by it.

The other points in the case need not be considered, as the judgment, for the reasons above given, must be

Reversed.