## FOREMAN v. HIGHAM.

Recording act : CONSTRUCTIVE NOTICE : SHERIFF'S DEED.   Where land is sold in one county under execution issued on a judgment rendered in another county, the recording of the sheriff's deed will operate as constructive notice, although no transcript of the judgment was filed in the county where the land lay and the sale occurred.

*Appeal from Page Circuit Court.*

MONDAY, DECEMBER 11.

THIS action is brought to recover the possession of real property, particularly described ; the plaintiff claiming the title thereto.   The answer denies plaintiff's title and asserts title in the defendant.   Trial by the court.   Judgment for plaintiff.   Defendant appeals.   The further necessary facts are found in the opinion.

*Moore & Morseman* for the appellant.

*S. M Briggs, J. B. Morrison* and *W. H. Robb* for the appellee.

MILLER, J. — The evidence and the admissions of the parties on the trial establish the following facts :

1. Both parties trace their titles back to one John Lee.

2. On the 15th day of June, 1860, the land in controversy (being in Page county) was sold on execution by the sheriff of that county, and B. H. Covington became the purchaser, without notice of any outstanding equities.

3. The judgment, upon which the execution was issued, was rendered against Lee, in Decatur county, Iowa, and docketed in Page county, " but was never indexed in said Page county so as to impart constructive notice of its existence."

4. The sheriff of Page county, Jacob Butler, executed to Covington a deed for the land in pursuance of the sale of the same on execution, dated June 15, 1860, the date of the sale, which was filed for record in the recorder's office of Page county, on the 14th of August, 1860.

5. The plaintiff is the heir at law of Covington, who is deceased.

6. On the 23d day of November, 1859, John Lee conveyed the premises in controversy to Samuel Ream, who filed his deed for record July 10, 1860.

7. February 16, 1861, Samuel Ream conveyed the premises to Adam Ream, who filed his deed for record August 8, 1861.

8. Adam Ream conveyed the premises to the defendant by deed dated February 15, 1870, which was filed for record on the next day, the 16th.

9. All of these conveyances from Lee down to the defendant were for full value paid, and none of the purchasers had any actual knowledge of the claim of the plaintiff or her ancestor.

10. Covington's purchase at sheriff's sale and the docketing of the judgment in Page county were both after the execution of the deed from Lee to Samuel Ream, but before any of the above-named conveyances from Lee, and down to defendant, were filed for record.

11. The sheriff's deed to Covington was filed for record

and properly indexed on the 14th day of August, 1860, and before the execution of the conveyances from Samuel Ream to Adam Ream and of Adam to the defendant.

The sheriff's deed does not appear in the record.

Upon the foregoing facts the question presented for determination is, whether the record of the sheriff's deed to Covington, in the absence of the indexing of the judgment, imparted constructive notice to the defendant and his grantor, Adam Ream, who purchased after the sheriff's deed was filed for record.

It is conceded by appellant's counsel that, under the rule established in *Evans* v. *McGlasson*, 18 Iowa, 150, Covington (the ancestor of plaintiff) was, as to Samuel Ream, a *bona fide* purchaser for value within the meaning of the recording act; Covington having purchased at the sheriff's sale prior to the recording of the deed from Lee to Samuel Ream, and without notice thereof, he obtained a title prior to that of Ream.

It is, however, insisted that Adam Ream and defendant are innocent purchasers, because at the time of their respective purchases the judgment upon which the sheriff's sale was predicated, was not indexed upon the records in Page county, where the land is situated, though the sheriff's deed to Covington was there recorded and properly indexed. In support of this proposition he cites *Cummings* v. *Long*, 16 Iowa, 41.

The case cited does not sustain the proposition. That case holds that the entry of a judgment in the record book, and in the judgment docket under ·the title of a single plaintiff and defendant with the addition of "*et al.*" to the name of the defendant, without an index referring to *each* of the defendants, does not operate as notice to third persons as to who were included therein as defendants. And it was further held that one who purchased real property of a defendant not named in the index, without actual notice, took the same discharged of the lien of the judg-

ment, and execution against the property thus purchased was enjoined. No sale on execution had taken place. The case, therefore, does not bear upon the one before us. The question involved in this case was decided in *Hubbard* v. *Barnes*, 29 Iowa, 239. In that case, as in this, both parties claimed title from one common source. The plaintiff's claim of title consisted of two deeds: *First*. A deed from the sheriff of the county to one Rockwell, based on a judgment against one Ryner, dated August 3, 1863, deed recorded January 24, 1867. *Second*. A deed from Rockwell to plaintiff dated October 25, 1864, and recorded November 14, 1864.

Defendant based his title upon: *First*. A deed from Ryner to Ramsey dated September 23, 1865, and recorded same day. *Second*. A deed from Ramsey to defendant dated November 9, 1868, and recorded February 16, 1869.

It was shown that Ramsey, when he purchased, had actual notice of the sheriff's deed to Rockwell, and it was held that this was sufficient notice to him under the recording act, and Barnes having purchased after the recording of the sheriff's deed, and the deed to plaintiff, it was further held that both Barnes and Ramsey were purchasers with notice of plaintiff's title — one actual and the other constructive. The sale on execution in that case was made after the taking effect of the Revision. The judgment was rendered in Decatur county, and the sheriff's sale was made in Wayne county, where the land was situated, and the directions of section 3249 were not followed. No transcript of the judgment was filed in Wayne county, and it was held that without a compliance with this section or with sections 4105, 4107, lands may be sold upon execution from another county.

This we think is a stronger case than the one before us, and decisive of the question involved. The recording of the sheriff's deed was held to be notice to a subsequent purchaser, though no transcript was filed in the county

where the sale occurred, either for the purpose of creating a lien or for the purpose of giving notice of the sale. The sheriff's sale in the case at bar was made prior to the Revision of 1860, when there was no statute directing the filing of a transcript as in section 3249 of the Revision as an instrument of notice of the sheriff's sale.

It was not necessary to file a transcript of the judgment for the purpose of making a valid sale on execution in Page county. The only purpose to be effected at that time by the filing of such transcript, and having the same properly docketed and indexed, was to make the judgment a lien on the land of the judgment defendant in that county, and to give notice of such lien. *Cummings* v. *Long, supra;* Code of 1851, §§ 2485, 2487, 2488.

The case of *Gower* v. *Doheney*, 33 Iowa, 36, though not precisely in point, is in accord with *Hubbard* v. *Barnes*.

Affirmed.