McGINNIS ET AL. v. EDGELL.

1. **Judicial sale**: NOTICE TO PURCHASER. When land was sold upon execution under a judgment rendered in another county, before the taking effect of Section 3244 of the Revision, no transcript of the judgment having been filed in the county where the sale took place, it was *held* that a purchaser from the judgment debtor for a valuable consideration, without notice of the judgment or sale, whose purchase was made after the sale but before the execution and recording of the sheriff's deed, would hold the land as against the purchaser at sheriff's sale.

2. **Statute of Limitations**: MINORS. Adverse possession of real estate, either actual or constructive, for ten years, will not deprive minors of the right of action to quiet title, within one year after attaining their majority. (Rev., Sec. 2747.)

3. **Trust**: PURCHASE BY FATHER FOR CHILDREN. That a father purchased real estate and had it deeded to his children, does not *ipso facto* create the relation of trustee and *cestui que trust*.

*Appeal from Dallas District Court.*

FRIDAY, SEPTEMBER 25.

THIS action is brought to quiet the title in plaintiffs of certain real property. There was judgment for the plaintiffs in

the District Court, from which defendant appeals.    The facts of the case appear in the opinion.

*Calvert & Perkins,* for appellant.

*Willard & North,* for appellees.

MILLER, CH. J.—The plaintiffs commenced this action to quiet the title in them to the southeast quarter of section six, in township eighty north, of range twenty-nine, west of the fifth principal meridian.   Notice on the defendant was had by publication, and no appearance was entered for him.   At the October term, 1872, of the court, after hearing proofs, the court made a decree in favor of the plaintiffs as prayed in their petition.

On the 24th day of February, 1873, the court, on motion and appearance of defendant, set aside the decree and permitted the defendant to have a re-trial of the action.   The answer of the defendant denied that plaintiffs had title to the land, claimed that he was the legal owner thereof, and that he has been in constructive possession for more than ten years, paying taxes thereon.

Both parties claim through one Thomas E. Morgan as the common source of title.   Morgan conveyed the land to the plaintiffs, who are minors, on the 19th day of March, 1859, by deed of general warranty, which was duly acknowledged on the same day, and filed for record in the proper county on the 7th day of April, 1859.

The defendant gave in evidence a warranty deed for the land from one M. Alexander, who had purchased the same at sheriff's sale and held a sheriff's deed therefor dated February 2d, 1860.   The sale was made by the sheriff on the 28th day of August, 1858, on an execution issued to him on a judgment rendered on a confession in the District Court of Lee county, Iowa, on the 15th day of December, 1857.   The execution issued from the office of the clerk of the District Court in Lee county to the sheriff of Dallas county who made the sale.

It was agreed by the parties, on the trial in the court below, as follows:

McGinnis v. Edgell.

1. No transcript of the judgment mentioned in the deed from sheriff was ever filed in the office of the clerk of the, District Court of Dallas county.

2. Said judgment was never docketed or indexed in any book in the office of said clerk.

3. No mention of said judgment, execution, levy, or sale was ever made in the encumbrance books of said office.

4. No mention of said judgment, execution, levy, sale, or return of sheriff, or certificate of sale, was ever made in the sale book in said office.

5. No mention of said judgment, execution, levy, sale, return of officer, or certificate of sale was ever made in any book in said office.

6. No record of any kind, showing a claim or interest in, or lien on, said land in favor of defendant, was ever made in Dallas county prior to the record of Alexander's deed, February 2d, 1860."

The plaintiffs purchased the land from Morgan after the sheriff's sale, but before the recording of the sheriff's deed, for a valuable consideration and without notice of the sheriff's sale or of the judgment. At the time of such purchase Morgan appeared by the records of Dallas county to be the unqualified owner of the land. The execution creditor had taken no steps to make his judgment a lien on the land or to give notice of the levy or sale.

The judgment was rendered, and the levy and sale made, under the law of the Code of 1851. By section 2487 of that Code the judgment could have been made a lien on the land by filing a transcript thereof in the office of the clerk of the District Court in Dallas county. This was not done. It is claimed, however, by appellant that the plaintiffs were charged with constructive notice of the sheriff's sale under section 1947, of the Code of 1851, which is as follows: "The purchaser of real estate at a sale on execution, need not place any evidence of his purchase upon record until twenty days after the expiration of the full time of redemption. Up to that time the publicity of the proceedings is constructive notice of the rights of the purchaser, but no longer." We think the

term "proceedings," the publicity of which amounts to constructive notice of the sale, refers to the rendition of judgment in the action, the issuing of execution and the sale thereunder, including the return of the sheriff and the record of the sale in the sale book, as provided by law. See Code of 1851, section 145; as, where the sale takes place in the county where the judgment is rendered or in which a transcript thereof is filed. The term refers to all this at least, and the mere levy and sale of land in another county than that in which the judgment was rendered, and in which no transcript is filed, are not the " proceedings" contemplated by the statute.

In *Hubbard v. Barnes*, 29 Iowa, 239, it was held that under section 3248 of the Revision, (which is section 1888, of the Code of 1851,) executions may issue into any county which the party ordering them may direct, and a valid sale of real estate may, as between the parties, and as to subsequent purchasers having actual notice thereof, be made in one county under execution issued on a judgment in another county, notwithstanding no transcript of the judgment is filed in the county where the land was situated and sold, as provided in section 3249. It was further held in that case that the purpose of section 3249 (which was not in the Code of 1851,) was to provide a method for effecting a lien of the judgment on real estate in the county where such transcript was filed, and of giving constructive notice thereof and of the execution sale thereunder, by keeping a record of the same. A compliance with this last section was held necessary to affect subsequent purchasers without notice. The Code of 1851 did not contain this provision, but it did provide that a party might file a transcript of his judgment, and thereby make it a lien on lands in that county, (Sec. 2487). Sec. 3249, of the Revision, provided a method of giving constructive notice to subsequent purchasers of sales of lands on execution issued upon judgments from another county than that in which the lands are situated. This section is directory only, and a sale without complying therewith is good between the parties and purchasers having actual notice thereof; *Hubbard v. Barnes, supra;* but not as to subsequent purchasers not having actual notice.

The enactment of this section of the Revision, whereby constructive notice, to subsequent purchasers, of sheriff's sales of lands in one county, upon judgments rendered in another, may be given, does not imply that, prior to such enactment, subsequent purchasers would, in such cases, be affected by such sales without notice thereof, but rather the contrary. The theory of our law is, that subsequent purchasers of real property, for a valuable consideration, without notice, actual or· constructive, are not affected by prior sales thereof. A sale of land on execution is no exception to this rule, even under the Code of 1851, for, as we have seen, the judgment creditor could have filed a transcript of his judgment in Dallas county, and thereby made the same a lien on the land, and given notice thereof by having the same docketed and indexed upon the records in the office of the clerk of the District Court, in the same manner as if the judgment had been rendered in Dallas county. See *Cummings v. Long*, 16 Iowa, 41; Code of 1851, §§ 144, 145, 2488.

We conclude, therefore, that the sheriff's sale of the land to Alexander was not notice to the plaintiffs, who purchased 1. JUDICIAL in good faith for value, prior to the making and SALE: notice to purchaser. recording of the sheriff's deed, and placed their deed from Morgan on record nearly eight years before appellant purchased. If the sheriff's deed had been on record when the plaintiffs purchased, they would have been charged with notice. *Foreman v. Higham*, 35 Iowa, 382.

II. Appellant next urges that the plaintiffs are barred of their action by the statute of limitations. A sufficient answer 2. STATUTE OF to this position is that the plaintiffs were both LIMITATIONS: minors. minors at the commencement of the action, and the statute of limitations does not apply to them, "so far as to prevent them from having at least one year after attaining their majority, within which to commence" the action. Revision section 2747. The evidence shows that John T. McGinnis was less than 19, and Terrance less than 15 years of age, when the action was commenced.

It is claimed however that the land was purchased by their father Terrance McGinnis, Sr., and the title taken in their

names, and that they are, therefore, merely trustees, the father being the beneficiary against whom the statute does run. The mere fact that the father purchased the land and had it deeded to his minor children would not, of itself, constitute them trustees for his benefit, for he might have made the purchase with money belonging to them, or with his own money intending it as a gift or advancement, in either of which cases the relation of trustee and *cestui que trust* would not be created as between the parties. The naked fact that the father purchased the land, and had it deeded to his minor children, is all that is shown on this point by the record.

*3. TRUST: purchase by father for children.*

The judgment of the court below will be affirmed. Judgment may be entered in this court or the cause will be remanded as either party shall elect.

• AFFIRMED.