# Jenny *versus* Zehnder.

In an action of ejectment both parties claimed through a predecessor in title, whose full name was "John Jacob Frederick Zehnder," in which name the premises in dispute had been conveyed to him. The defendant claimed under a deed dated in 1878, signed by him in the same name, and proved that a search of the judgment index by his scrivener or attorney failed to disclose any judgment of record against his said grantor. The plaintiff claimed as purchaser at a sheriff's sale in 1879, under a judgment obtained in 1875, on a judgment note (said to have been signed "Fr. Zehnder") which was entered in the judgment index in the name "F. Zehnter." The evidence showed that the man was generally known by the name of "Mr. Zehnder," or "Fred. Zehnder," and that he was in the habit of signing his name variously. The court, being of opinion that the entry in the judgment index, "F. Zehnter," was not notice to a purchaser from "John Jacob Frederick Zehnder," instructed the jury to find for the defendant: *Held*, to be error. The case should have been submitted to the jury to find from the evidence whether the defendant in the judgment was generally known among his neighbors by the name of "Fred. Zehnder;" if so, the judgment was sufficiently entered in the judgment index, and the plaintiff, being in no default, was entitled to recover. The substitution of the letter "t" for "d" in the surname, and the contraction "F." instead of "Fr." or "Frederick" were not fatal errors.

Myer *v.* Fegaly, 3 Wr. 429, approved.

October 12th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas No. 1, of *Allegheny county.*

Ejectment, by J. J. Jenny, Fredolin Jenny and Balthasar Jenny, against F. Zehnder, M. Zehnder, and Henry Lafferty, terre-tenant, for a lot of ground in the city of Allegheny. Plea, the general issue.

On the trial, before BAILEY, J., it was admitted that both parties claimed through one Zehnder, whose full baptismal name was John Jacob Frederick Zehnder. The plaintiffs claimed as purchasers at sheriff's sale of the premises in question, in 1879, under a judgment obtained December 12th 1875, against said Zehnder. The defendant Lafferty claimed under a deed from "John Jacob Frederick Zehnder" and wife, to said Lafferty, dated February 16th 1878, and denied that he had record notice or other notice of the judgment under which the said sheriff's sale was made to the plaintiffs. Defendant gave in evidence the judgment index, showing that the judgment, under which plaintiffs claim, was indexed against "F. Zehnter" and proved by his counsel that careful search of the records, made prior to his purchase, disclosed no judgment against the grantor John Jacob Frederick Zehnder, and that the person who made the

[Jenny *v.* Zehnder.]

search was not put on inquiry by the said judgment indexed against " F. Zehnter."

The plaintiffs, in rebuttal, proved by said Zehnder and other witnesses, and by documents, that he was generally known by the name of " Mr. Zehnder," and when called by his first name, which was very seldom, he was called " Fred.; " that he generally signed his name " Frederick Zehnder," or " Fr. Zehnder," but that in signing legal documents he signed " John Jacob Frederick Zehnder," or J. J. Fred. Zehnder," or simply " Frederick Zehnder." It further appeared in evidence that the premises in question were conveyed to him, in 1869, in the name " John Jacob Frederick Zehnder," and that by that name he had conveyed the said premises to the defendant Lafferty in 1878.

The defendant presented, inter alia, the following point :

6. " That under the evidence in this case, the verdict of the jury should be for the defendants." Affirmed.

Verdict, accordingly, for the defendants, and judgment thereon. The plaintiffs thereupon took this writ of error, assigning for error the affirmance of the defendants' sixth point, and the refusal of the court to submit the case to the jury.

*Frederick Luty* (with him *J. H. Mueller*), for the plaintiffs in error.—The entry of the judgment was sufficient to put purchasers on inquiry, which would have resulted in notice that the judgment was against the defendant's grantor, and was sufficient compliance with the Act of Assembly providing for the entry of judgments in the judgment index : Jones's Estate, 3 Cas. 336 ; Myer *v.* Fegaly; 3 Wr. 429 ; Bergman's Appeal, 7 Norris 120 ; Hottenstein *v.* Lerch, 12 W. N. C. 4 ; Wood *v.* Reynolds, 7 W. & S. 406 ; Hutchinson's Appeal, 11 Nor. 186. The question of what is notice is for the jury : Rhines *v.* Baird, 5 Wr. 256 ; Rudy *v.* Wolf, 16 S. & R. 79.

*John Barton* (*C. F. McKenna*, with him), for the defendants in error.—The entry of the judgment against " F. Zehnter " was no notice whatever to a purchaser from John Jacob Frederick Zehnder, and there was therefore no question to submit to the jury : Rex *v.* Newman, Ld. Raym. 562 ; Bratton *v.* Seymour, 4 Watts 329 ; Paul *v.* Johnson, 9 Phila. 32 ; Milk *v.* Christie, 1 Hill 102 ; Wood *v.* Reynolds, 7 W. & S. 406 ; Hutchinson's Appeal, 11 Nor. 186.

Mr. Justice GORDON delivered the opinion of the court, November 20th 1882.

So far as we can gather from the scanty records before us, the judgment in controversy, the one on which the sheriff's sale

[Jenny *v.* Zehnder.]

was made, and under which the plaintiffs claim, was entered against " Fr. Zehnter." It would seem also, that the note on which the judgment was founded was signed " Fr. Zehnder." As there was no material difference in the name as found in the note and judgment, and as it appears on the index, it is clear that the plaintiff was in no default in not seeing that his judgment was properly docketed. The use of the letter " t " for " d " in the surname, was but the substitution of that which would, in English, have the same sound as the German " d," and this, as was held in Meyer *v.* Fegaly, 3 Wr. 429, was not a fatal error. Neither was the omission of the small " r " from " Fr." of any serious moment, since both are contractions for the name " Frederick," and if such contraction is allowable at all, the one, for the purposes of notice, was just as good as the other. But it has been held that. the signing of " A " for the Christian name " Abel," is good, or if the name used is that by which the debtor is commonly known, it is all that is required by the Act prescribing judgment dockets : Jones's Est., 3 Ca. 336. It does not follow that a man must adopt the name given to him in his infancy by his parents. He may reject part, or, for that matter, the whole of it, and assume some other. The real question is, by what name is he generally known ? In the case in hand, as we have said, the plaintiff was in no default ; he could do nothing else than what he did ; as the note was signed so it was carried on to the judgment docket, and nothing more than this .could be done.

In these particulars the circumstances are essentially different from those in the cases of Wood *v.* Reynolds, 7 W. & S. 406, and Hutchinson's Ap., 11 Nor. 186. In the first of these an initial letter, in the name of the defendant, by which he was principally distinguished from two other persons of the same name, was omitted in the transcription from the continuance docket to the judgment index, and in the second, in a like transcription, the middle letter of the name was changed from " A " to " G," thus altogether destroying the defendant's identity. But if, in the case before us, there was any default at all, it was the default of the defendant in having failed to sign the note with that name by which he was commonly known. Whether this was so or not was a question for the jury. There is testimony showing that he was known among his neighbors by the name of "Fred. Zehnder ;" he so states the fact himself, and the further proof is that he frequently signed papers as " Frederick Zehnder." Under these circumstances the court below ought not to have taken the case from the jury.

Judgment reversed and a new venire ordered.