Cushing v. Edwards et al.

CUSHING v. EDWARDS ET AL.

| 68 | 145 |
| 130 | 367 |
| 130 | 368 |

1. **Judgment**: BINDING ON PARTIES AND PRIVIES. The parties to an action in which the ownership of certain property was adjudicated are bound by such adjudication, and so are those who take title under them.

2. ——: IMPERFECTLY INDEXED: TITLE UNDER: OTHER NOTICE SUFFICIENT. The fact that a judgment was so imperfectly indexed as not to be constructive notice of a lien was immaterial, where one of the parties concerned had actual notice of it, and the other had constructive notice through a sheriff's deed based thereon.

*Appeal from Buchanan District Court.*

SATURDAY, DECEMBER 19.

ACTION in chancery to quiet the title to certain real estate, and for an accounting for rents. There was a decree granting the relief prayed for by plaintiff. Defendant appeals.

*Woodward & Cook*, for appellants.

*Bronson & Le Roy* and *C. E. Ransier*, for appellee.

BECK, CH. J.—I. Plaintiff's title rests upon a sheriff's sale and deed, under a judgment in her favor, rendered in an action against certain keepers of a saloon for sales of intoxi-

cating liquors to her husband, causing his intoxication, which resulted in his death. Other persons were made defendants to that action; plaintiff charging that they owned or had some interest in the building and lands occupied for the saloon. It was found by the jury specially that one Buehler was the owner of the property involved in this suit, and the court so adjudged, and made the judgment a lien thereon. The property was sold to plaintiff on an execution issued upon the judgment, and a sheriff's deed executed to her. The defendants claim title to the property under a deed executed by one Penser after the judgment in favor of plaintiff was rendered. Penser's title to one part of the property was based upon a deed executed by the widow and devisee of one Leytse after the rendition of plaintiff's judgment. His title to the other part was acquired through a sheriff's sale and deed under a judgment against Schwarts and wife. They and Leytse were defendants in the action wherein the judgment was rendered and declared to be a lien upon the property. Penser conveyed the property to defendant A. T. McDonald, who conveyed it to J. F. McDonald. The three conveyances last referred to were made after plaintiff recovered her judgment and before the sheriff's deed to her was executed. J. F. McDonald conveyed the lands to defendant A. T. McDonald and Thos. Edwards after the sheriff's sale and deed to plaintiff. The title of the property is shown by the abstract before us to be in plaintiff unless defendants' title be superior to it.

II. The grantors under whom defendants claim title were defendants in the original action, and they and their grantees 1. JUDGMENT: are bound by the adjudication therein that the binding on property was owned by Buehler. All the parties parties and privies. to that action and their privies are estopped by that adjudication. So far as any questions arise involving the title and ownership of the property, this view ends the case, and the questions need not be considered.

III. Counsel for defendant maintain that, as the judg-

ment upon which the property was sold was not properly indexed, defendants are not chargeable with constructive notice of it. But it clearly appears that defendant A. T. McDonald had actual notice thereof before the conveyance to him by Penser. The property was conveyed to Edwards after the sheriff's deed to plaintiff was executed and recorded. He is charged with constructive notice of the deed. The judgment and lien having culminated into title under the sheriff's deed. Edwards cannot defeat that title on the ground that he had not notice of the judgment. He had constructive notice of the sheriff's deed, and, as that was based upon the judgment, he is chargeable with notice thereof through the deed, if it be necessary to show that he should have notice. In this view of the case it becomes unnecessary to inquire whether the judgment was correctly noted in the index required to be kept by the statute.

*2. ——: imperfectly indexed: title under: other notice sufficient.*

These conclusions as to the facts and the law of the case render it unnecessary to notice all the questions discussed by the defendant's counsel. In our opinion the judgment of the district court ought to be

AFFIRMED.