M. E. FULLER and others *vs.* ANDREW NELSON and others.

May 26, 1886.

Judgment—Lien—Mistake in Name—Fraudulent Grantee.—A judgment duly rendered against one whose name is misspelled in the proceedings, is, when docketed, a lien on his real estate, unless as against those who can claim that by reason of the misspelling the docket is no notice to them. A fraudulent grantee cannot object to it.

Parties—Action by Partnership to Avoid Fraudulent Conveyance.— Upon a debt due to a partnership composed of four persons, two of the partners sued and recovered judgment. *Held*, that the four partners may maintain an action to set aside a fraudulent conveyance by the judgment debtor which in appearance prevents the judgment being a lien on the land.

Appeal by plaintiffs from a judgment of the district court for Dodge county, where the action was tried by *Buckham*, J., without a jury.

*Geo. B. Edgerton*, for appellants.

*Robert Taylor*, for respondents.

GILFILLAN, C. J. The controlling facts in the case, found by the court below, are few. They are: At the times hereinafter mentioned the plaintiffs were, and now are, partners, under the firm name of Fuller & Johnson. The defendant Andrew Nelson was indebted to the firm. On this indebtedness a judgment in the district court was duly recovered against him by the name of Andrew Neilson, the action being brought, and judgment recovered, in the names of only two of the plaintiffs here. The judgment was duly docketed in the county of Dodge, and an execution issued thereon was returned unsatisfied. When the indebtedness accrued, Nelson was owner of a piece of land in said county, but before the docketing of the judgment he conveyed it to the defendant Helmbrecht, fraudulently and with intent to defeat his creditors, Helmbrecht being privy to that intent. The action is to set aside that conveyance.

Although Nelson's name was spelled wrong in the judgment, it, having been duly recovered, was a good judgment against him, and, when docketed, a lien on his property, unless as to those (such as subsequent *bona fide* purchasers and incumbrancers) who could claim that, by reason of the misspelling, and their not being *idem sonans*, the docket was no notice to them. Helmbrecht was not in that position. He can make no objection to the judgment or docket unless Nelson can make it.

There was, then, a cause of action on that judgment to set aside Nelson's fraudulent conveyance. That cause of action was not necessarily in the plaintiffs in the judgment only, but in whomsoever owned the judgment; as, if it had been assigned, the cause of action would be in the assignee. Although it was recovered in the name of only two of the partners, being for a debt due the partnership, it belonged to the partnership,—was partnership assets. Until the judgment should be corrected by adding the names of the other partners, all proceedings in the action would have to be in the names of the two in whose names the action was brought. But any other action or proceeding, based on ownership of the judgment, might properly be in the names of the owners of it.

Judgment reversed, and the court below will enter judgment for plaintiffs.