STERLING MANUF'G CO. v. EARLY ET AL.

1. **Mortgage:** FORECLOSURE: REDEMPTION BY JUNIOR JUDGMENT CREDITOR: JUDGMENT NOT INDEXED. The holder of a junior judgment has no right to redeem from a sale under the foreclosure of a senior mortgage, after the statutory time for redemption has expired, even though he is not made a party to the foreclosure, if his judgment is not indexed at the time of the foreclosure, unless the plaintiff in foreclosure has actual notice of the judgment at the time of foreclosure; for third persons cannot be charged with constructive notice of a judgment unless it is correctly indexed. (See *Cummings v. Long*, 16 Iowa, 41, and *Thomas v. Desney*, 57 Id., 58.)

*Appeal from Sac District Court.*

MONDAY, JUNE 14.

THIS is an action in equity, by which the plaintiff claims the right to redeem certain land from a sheriff's sale on the foreclosure of a mortgage on the land. The cause was submitted to the district court upon the pleadings without evidence, and upon a motion of the plaintiff for a decree. The motion for decree was overruled, and the petition was dismissed. Plaintiff appeals.

*W. A. Helsell,* for appellant.

*S. M. Elwood,* for appellees.

ROTHROCK, J.—The facts of the case are as follows: On the thirteenth day of May, 1875, one Robinson, being the owner of eighty acres of land, executed to D. Carr Early & Co., a mortgage thereon to secure the payment of $200. This mortgage was foreclosed in the year 1878, and on the twenty-third day of March in that year the land was sold on special execution to said Early & Co. for the amount of the judgment in foreclosure and costs, and a certificate of sale was duly issued to the purchasers. Early & Co. assigned the certificate of purchase to the defendant Davis, and on the nineteenth of March, 1879, the sheriff executed a deed of the property to Davis, who took possession of the land. On the twenty-fifth day of August, 1881, Davis sold the land to H. H. Neiner, who on the nineteenth day of September, 1882, sold the same to the defendant, Theresa Myer, and she has been in possession of the land since her purchase. On the twenty-ninth day of January, 1877, the plaintiff herein recovered a judgment in the district court of Sac county against said Robinson for the sum of $103 and costs. The judgment was not indexed at the time it was rendered, nor until some time in the year 1879, and not until after Davis took the assignment of the certificate of purchase, and received his deed from the sheriff. The plaintiff claims the right to redeem from the sheriff's sale upon the ground that it is a junior judgment incumbrancer, and was not made a party to the action in foreclosure. The defendants concede that the plaintiff would have a right to redeem if plaintiff's judgment had been indexed before the foreclosure sale. But they claim that they had no actual notice of the judgment, and, by reason of the failure and negligence of the plaintiff to cause the judgment to be indexed, they had no constructive

*[margin note: 1. MORTGAGE: foreclosure: redemption by junior judgment creditor: judgment not indexed.]*

notice of the judgment, and that the plaintiff cannot now assert the right to redeem; or, as they express it, the plaintiff ought to be "barred and estopped" from asserting any right to redeem. The defendants filed a joint answer.

It does not appear what consideration Davis paid for the assignment of the certificates of purchase, nor what consideration was paid for the land by the subsequent purchasers, nor whether their conveyances were with covenants of warranty, or merely quitclaim deeds. There is something said in argument about the defendants being innocent purchasers without notice of plaintiff's judgment. We think that, whatever the character of the conveyances may have been to those to whom Davis conveyed, they took no greater interest in the land than he had, because the plaintiff's judgment was indexed before Davis parted with his interest. And, in our opinion, Davis being a mere assignee of the certificate of purchase, he acquired no right in the land greater than that held by Early & Co. as the purchasers at the sheriff's sale. The question to be determined, then, is, was the judgment a lien upon the land before the foreclosure of the mortgage? If it was, plaintiff has the right to redeem.

It appears that, when Early & Co. foreclosed the mortgage, they sought to make all lienholders parties, and that the defendant was not made a party because the judgment was not indexed, and Early & Co. had no actual notice of its existence; and it appears that they would not have advanced the court costs, attorney's fees, and other expenses made necessary by the foreclosure, without making the plaintiff a party, if they had known of the judgment; and, for aught that appears, it may have been important to foreclose the junior lien of the plaintiff if it had been known that such lien existed. Indeed, it is always desirable to do so. The present case is an illustration of the importance of it. The assignee of Early & Co. and his grantees were in possession of this land as owners, as they supposed, for about six years, before this action to redeem was commenced. By the failure

of the plaintiff to cause the judgment to be indexed, it claims that it should now be allowed to redeem from the defendants by setting off the rents and profits of the land against the mortgage. We think it must be accepted as a fact, especially as the cause was submitted on the petition and answer, that the defendants would not, with a knowledge of the judgment, have changed their position by a foreclosure and sale and possession of the land, with the rights of a junior incumbrancer unaffected by their foreclosure, and liable to be asserted at any time within the statute of limitations. This being so, we can see no difference in principle between this case and the case of *Thomas v. Desney*, 57 Iowa, 58, and *Cummings v. Long*, 16 Iowa, 41. These cases, in effect, hold that third persons cannot be charged with constructive notice of a judgment unless the same is correctly indexed.

AFFIRMED.