STATE SAVINGS BANK, OF MISSOURI VALLEY, Appellant, v. A. J. SHINN, Sheriff, and A. J. SHINN, Appellees.

**Judgments:** LIEN ON PROPERTY IN ANOTHER NAME. A judgment entered and indexed against " Mrs. G. B. Smith " is held to be a lien upon property in the name of " Kate L. Smith " as against a purchaser knowing of the judgment and the identity of the party.

**Execution sale:** INADEQUACY OF PRICE. Mere inadequacy of price is not ground for setting aside an execution sale.

*Appeal from Harrison District Court.—* HON. W. R. GREEN, Judge.

FRIDAY, APRIL 6, 1906.

ACTION by plaintiff, as owner of a certain lot in the town of Missouri Valley, to restrain the defendant, as sheriff, from executing a deed thereof, pursuant to a sale by him upon an execution against one Mrs. G. B. Smith. Defendant admitted the sale of the property under execution against Mrs. G. B. Smith, and alleged that she was the owner of the property at the time the judgment was rendered against her upon which the execution was issued, although the record title was in Kate L. Smith, that plaintiff purchased the property subject to the lien of his judgment, and is not entitled to restrain the issuance of the deed. On these issues the case went to trial, resulting in a decree dismissing the petition, and plaintiff appeals.— *Affirmed.*

*J. S. Dewell,* for appellant.

No appearance for appellee.

DEEMER, J.— In the year 1888 Kate L. Smith obtained title to the lot in question by devise from her father, and in January of the year 1902 conveyed the same to plaintiff by warranty deed; the consideration being $8,500. In August of the year 1897 Katy and Mary Dolan obtained judgment before a justice of the peace against Mrs. G. B. Smith for the sum of about $90. This judgment was transcripted to the district court of Harrison county. Neither this judgment nor the index thereof refers to Kate L. Smith, nor do either show that Mrs. G. B. Smith was the wife of any particular Smith, save as the name itself serves to distinguish the individual. November 11, 1903, execution issued upon this judgment, which was levied upon the property, and pursuant to proper notice the same was sold to the plaintiff in

execution for the sum of $145.75. Certificate of sale issued in due course, and this action is to restrain the issuance of a deed.

The testimony shows that Kate L. Smith is the daughter of one Willard Bump, from whom she obtained title to the property, and that she is the widow of one G. B. Smith. Plaintiff's attorney and one of its stockholders knew, when negotiating for the property, that Mrs. G. B. Smith was the wife of G. B. Smith, who was then alive, and that her correct name was Kate L. Smith. He also said that there was another G. B. Smtih in Missouri Valley at this time and another Mrs. G. B. Smith, and that he knew the judgment above referred to was against Mrs. G. B. Smith, and presumed it was intended to be against " Mrs. G. B. Smith here referred to."

Plaintiff contends that the judgment upon which the execution issued never became a lien upon the property, and that it purchased the same free from any claim of the judgment creditors. The record title to the property when plaintiff purchased was in Kate L. Smith; and there were no judgments of record against any such person, nor was there an index to any such judgment. There was, however, a judgment against Mrs. G. B. Smith, which as we understand was properly indexed; but there was nothing of record showing that Kate L. Smith and this Mrs. G. B. Smith were one and the same person. Recordation and indexing of instruments and judgments is provided for in order that *bona fide* purchasers and incumbrancers having no actual notice may be protected; and it is generally held that failure to docket or index a judgment does not wholly destroy its effect as a lien. *Wheeler v. Heermans,* 3 Sandf. Ch. (N. Y.) 597; *Appeal of York Bank,* 36 Pa. 458; *Cushing v. Edwards,* 68 Iowa, 145; *Fuller v. Nelson,* 35 Minn. 213 (28 N. W. 511); *Buchan v. Sumner,* 2 Barb. Ch. (N. Y.) 165, s. c. 47 Am. Dec. 305. The object of the docket and index is to apprise intending purchas-

1. Judgments: lien on property in another name.

ers or incumbrancers of judgment liens. *Cummings v. Long,* 16 Iowa, 41. For some purposes judgments are valid as soon as rendered, and, even if improperly indexed, they are valid between the parties, and as to every one save *bona fide* purchasers or incumbrancers. *Gordon v. Rixey,* 76 Va. 694, and cases hitherto cited. In the present case there was a judgment against Mrs. G. B. Smith, which was properly procured, and plaintiff through its agent and attorney knew that it was intended to be against Kate L. Smith, and that Kate L. Smith and Mrs. G. B. Smith were one and the same person. In such circumstances it is in no position to say that there was no judgment and no lien upon the land. *Delavan v. Pratt,* 19 Iowa, 429; *Peterson v. Little,* 74 Iowa 223; Cushing v. Edwards, *supra; Howe v. Thayer,* 49 Iowa, 154; *Sterling v. Early,* 69 Iowa, 94; *Balm v. Nunn,* 63 Iowa, 641; *Markham v. Buckingham,* 21 Iowa, 494; *Ætna Co. v. Hesser,* 77 Iowa, 381; *Appeal of York Bank,* 36 Pa. 458; *Appeal of Stephens' Ex'rs,* 38 Pa. 9; *Craig v. Sebrell,* 9 Grat. (Va.) 131; *Thomas v. Desney,* 57 Iowa, 58.

Counsel's argument is based upon the proposition that as between the parties thereto the judgment never became a lien upon Kate L. Smith's property, and that, no matter what plaintiff's knowledge, it purchased the property free from any claim or lien of the judgment creditor. This position is fallacious. A judgment may be a lien as between the parties, although not properly indexed. *Jenny v. Zehnder,* 101 Pa. 296.

II. The property levied upon was worth from $12,000 to $15,000, and was sold for a little over $145. The sale

2. EXECUTION SALE: inadequacy of price. was in all respects regular unless it be for inadequacy of bid, or because of failure of the sheriff to adjourn the sale for want of bidders.

It is argued that the sheriff should have looked for other property belonging to the judgment defendant before levying upon the valuable property he did take. There is no

showing that Mrs. G. B. Smith had any other property, and the record discloses that he was directed by the plaintiffs in execution to levy upon this particular property. It consists of a single lot upon which is a valuable building about one hundred feet long by twenty-five feet wide, fitted up for a banking business. At the sale the sheriff offered it in as small subdivisions as possible, and while he might in his discretion have adjourned the sale for want of bidders he was under no obligation to do so here, for all prior proceedings, notices, etc., were in strict conformity to law. Mere inadequacy of price is not ground for setting aside a sheriff's sale; and in this case that appears to be the only reason for interfering therewith. *Griffith v. Milwaukee Co.,* 92 Iowa, 634; Peterson v. Little, *supra.*

As plaintiff had actual notice of the judgment, and constructive, if not actual, notice of the sale, it should have attended the same and protected its interests. Failing in this, it may still protect itself by redeeming from the sale, unless by its own laches it has waived or forfeited its right to do so. And, while the sheriff might in his discretion have adjourned the sale because the amount offered was grossly inadequate, there is no reason here for setting it aside for failure on the part of the sheriff to exercise his discretion. The sale was for a judgment creditor, and he was not bound to bid more than enough to satisfy his claim. And, if the rule we have announced does not apply, a judgment creditor for a small amount might not be able to collect his judgment because of inability to raise enough money to bid on the property. The cases relied upon by appellant are not in point. We shall not review them, for none seem to involve the exact question now before us.

There is no reason for disturbing the sale, and the decree must be, and is, *affirmed.*