| 132 | 497 |
| 134 | 319 |

---

Vincel Drahos, Appellant, v. Albert Kopesky, Minnie Agnes Amen, and Phillip J. Amen.

**Creditor's suits:** CONDITIONS PRECEDENT. Before a creditor's bill to subject real estate to the satisfaction of a judgment can be maintained, the judgment defendant must be insolvent and there must be a judgment lien, or such a situation that it will be established upon setting aside the conveyance.

**Judgments:** SUPERIOR COURTS: LIEN UPON REAL ESTATE IN ANOTHER COUNTY. The judgment of a Superior Court can only be made a lien upon real estate in another county by first filing a trans-

cript in the District Court of the county where rendered and the issuance of an execution from that court the same as though the original judgment was rendered in the District Court.

*Appeal from Kossuth District Court.*— HON. A. D. BAILIE, Judge.

WEDNESDAY, DECEMBER 12, 1906.

SUIT to subject certain lands to the satisfaction of a judgment. The petition was dismissed, and appellant appeals.— *Affirmed.*

*E. C. Barber* and *Geo. E. Clarke,* for appellant.

*E. A. Morling* and *Sullivan & McMahon,* for appellees.

LADD, J.— Before a creditor's bill to subject real estate in the name of a third person to the satisfaction of a judgment can be maintained, there are at least two prerequisites:

1. CREDITORS' SUITS: conditions precedent.

(1) The insolvency of the judgment defendant; and (2) the existence of the judgment lien, or a situation such that it will be established upon setting aside the conveyance or sale. *Banning v. Purinton,* 105 Iowa, 642; *Peterson v. Gittings,* 107 Iowa, 306.

The plaintiff's judgment was rendered in the superior court of Cedar Rapids, in Linn county, against Kopesky alone. Prior thereto he had conveyed the land in contro-

2. JUDGMENTS: superior courts: liens upon real estate in another county.

versy, situated in Kossuth county, to his daughter, and she to her husband, Phillip J. Amen. Execution had issued out of the superior court to the sheriff of Kossuth county; but, as it could not be levied on real property, its return *de bonis non* did not establish Kopesky's insolvency. This, however, was proven by other evidence. *Miller v. Dayton,* 47 Iowa, 312. No transcript of the judgment of the su-

perior court was filed with the clerk of the district court of Linn county; but the petition alleged that plaintiff had " duly transcripted his judgment to the district court of the State of Iowa in and for Kossuth county," and it was admitted on the trial that a transcript was there filed and duly entered upon the judgment docket and records of said county. Was the situation such that the judgment would become a lien on the land in event the conveyance from Kopesky to his daughter and that from her to Amen should be set aside.

The decision of this question depends upon the construction to be given section 273 of the Code.    That section provides that judgments in the superior court " may be made liens upon real estate in the county in which the city is situated, by filing transcripts of the same in the district court, as provided in this code in relation to judgments of justices of the peace, and with equal effect, and from the time of such filing they shall be treated in all respects as to their effect and mode of enforcement as judgments rendered in the district court as of that date, and no execution can thereafter be issued from the said superior court on such judgments, and no real property shall be levied on or sold on process issued out of the superior court.    Judgments. of said court may be made liens upon real estate in other counties in the same manner as judgments in the district courts."

It will be observed the judgments of the superior court are to be treated as judgments of the district court only when transcripts thereof are filed " in the district court" of the county in which the superior court has jurisdiction.    Thereafter, as to their effect and mode of enforcement, they are to be treated in all respects as judgments rendered in the district court as of that date.    Before the transcript is so filed the judgment must be enforced, if at all, through process issued out of the superior court, which may be levied on personal property only.    *International Trust Co. v. Keokuk Electric Ry. Co.,* 90 Iowa, 90.    After the filing of such transcript execution may not issue from the superior court;

for this power is conferred upon, and at the same time limited to, the district court of the same county. No authority to issue execution is conferred upon any other court of the State. If property is located in some other county, process may be issued out of the district court of the county where the judgment was rendered to the sheriff of such other county precisely as though the judgment were entered originally in the district court. See sections 3957 *et seq.,* Code. Were transcripts of judgments in the superior court allowed to be filed in the district court of any county of the State, and there enforced by its process, great confusion might result, and oppression also; for one court would not know the steps another had taken to satisfy the one obligation. To avoid this the Code has not changed the rule of the common law reserving to each court the power of enforcing its own judgments and orders, save, as through the filing of transcripts, such power is transferred to another court of the same county. *Seaton v. Hamilton,* 10 Iowa, 394; *Furman v. Dewell,* 35 Iowa, 170. Nor can proceedings on a judgment or final order be enjoined save in the same county and court where the judgment or order was obtained. *Hawkeye Ins. Co. v. Huston,* 115 Iowa, 621; *Brunk v. Moulton Bank,* 121 Iowa, 14.

The powers of the clerk with reference to transcripts from other counties are those prescribed by the statute only; i. e., of docketing and indexing them " in the same manner as though rendered in the court of his own county." Sections 3802, 3803, Code; *Ætna Life Ins. Co. v. Hesser,* 77 Iowa, 381. He is not authorized to receive payment or to satisfy the judgment, and the return of the execution must be to the clerk of the county where the judgment was rendered. *Hawkeye Ins. Co. v. Luckow,* 76 Iowa, 21. The levy and sale under execution may be made without the filing of a transcript, and will be precisely as effective as against those having actual notice and to all subsequent to the recording of the sheriff's deed as though a transcript

had been filed. *Hubbard v. Barnes,* 29 Iowa, 239; *Mc-Ginnis v. Edgell,* 39 Iowa, 419; *Foreman v. Higham,* 35 Iowa, 382. It follows that the filing of the transcript in no sense constituted the judgment that of the district court of Kossuth county (Brunk v. Moulton Bank, *supra*), and execution might not issue therefrom, nor from that of Linn county, as no transcript of the judgment had been filed in the latter, and the land could not be levied on or sold under execution from the superior court.

But appellant insists that the last clause of the statute should be construed as separate and apart from the portion preceding it. If this were to be done, it might be held that judgments of the superior court could be made liens on lands in other counties by filing transcripts thereof directly in the courts of such other counties. This would result in the anomalous condition of having a lien on property which neither could be levied upon nor sold under the process of the only court authorized to issue it. It would be idle to set aside conveyances in order to establish such a lien, even if it were thought that anything which cannot be enforced may constitute a lien. The plaintiff, without a levy on the property or in a situation to make one, cannot assail the conveyances as fraudulent. *State Ins. Co. v. Prestage,* 116 Iowa, 468. The situation is precisely as though he had sought to subject land to the payment of the judgment of a justice of the peace, and such an action cannot be maintained. *Crippen v. Hudson,* 13 N. Y. 161; Peterson v. Gittings, *supra.* However, a sentence may not be thus separated from what precedes it, for the purposes of construction, unless it relates to another subject-matter. Not only the different sentences of a statute, but different statutes, if in *pari materia,* are to be construed together in ascertaining the true meaning of the lawmakers. Sutherland on Statutory Construction, section 443 *et seq.* So construing the statute before us, it is manifest that judgments of the superior court are to be made liens on real estate in other coun-

ties by the same procedure as those of justices of the peace. Filing the transcript in the district court of the county is " with equal effect " and in all respects, and the mode of its enforcement precisely the same, as when the transcript is from the court of a justice of the peace; and all intended by the last sentence is that liens on real property in other counties may be effected by filing transcripts of the judgment and entries as they appear in the district court — that is, " in the same manner as judgments in the district court " are made liens. See *Blaney v. Hanks,* 14 Iowa, 400. The object to be attained by filing transcripts in other counties is the establishment of the liens of judgments against lands therein, with a view to their enforcement; and before this may be done such judgments should be in a condition to be enforced. To this end the transcripts should be from the district court regardless of whether there rendered or transferred to it by transcript from the docket of a justice of the peace or the records of a superior court. The case is ruled by Peterson v. Gittings, *supra,* and the court rightly dismissed the petition.— *Affirmed.*