ORPHA C. GILBERT, Appellee, v. C. C. BERRY et al., Appellees; CITIZENS SAVINGS BANK, Appellant.

**JUDGMENT: Avoidance of Unindexed Judgment.** An *unindexed* judgment is a lien on the defendant's realty from the date of rendition. A subsequent creditor who seeks priority over such a judgment must allege and prove: (1) That he had no knowledge of such judgment,

and (2) that, by reason of such lack of knowledge, he has, to his detriment, changed his financial condition.

**JUDGMENT:** Erroneous Index. A judgment against C. C. Berry, though indexed as against C. E. Berry, is a lien on the realty of C. C. Berry from the date of rendition.

*Appeal from Keokuk District Court.*—C. A. DEWEY, Judge.

DECEMBER 14, 1920.

·THE opinion sufficiently states the case.—*Affirmed.*

*Stockman & Baker,* for appellant.

*Hugo F. Goeldner,* for appellee.

WEAVER, C. J.—On September 12, 1919, this action was begun, to foreclose a mortgage bearing date March 5, 1916, upon town property in the city of Sigourney. The petition impleads as defendants the mortgagors, C. C. Berry and Cora A. Berry; also, as alleged junior lien holders, Anna J. Cooke, Schiffer Brothers, First National Bank of Estherville, and Citizens Savings Bank. The named defendants appeared to the proceeding, and, upon trial of the issues joined, the court established the several claims of the parties and their order of priority as follows:

1. JUDGMENT: avoidance of unindexed judgment.

1.  Anna J. Cooke—Judgment lien from October 7, 1912.
2.  Schiffer Brothers—Judgment lien from March 29, 1913.
3.  First National Bank of Estherville—Judgment lien from May 10, 1915.
4.  Orpha C. Gilbert (plaintiff herein)—Mortgage, March 4, 1916.
5.  Citizens Savings Bank—Mortgage, March 5, 1917.

From this decree the Citizens Savings Bank alone appeals, denying the priority of the lien of the judgment in favor of Anna J. Cooke. The appellant concedes that the Cooke judgment is first in the order of time, but insists that, by reason of a mistake or defect in indexing the same, such judgment did not become a lien on the judgment debtor's property.

Briefly stated, the abstracts show that, on October 7, 1912, in an action then pending in the district court of Keokuk County, in which Anna J. Cooke was plaintiff and C. C. Berry, Cora A. Berry, and Leonard M. Berry were defendants, judgment was entered in favor of said Cooke against the said defendants, C. C. Berry, Cora A. Berry, and Leonard M. Berry, for $236.67, with interest, costs, and attorney's fees, said judgment being regular in form, and duly entered upon the court's journal of proceeding. It appears, however, that, in entering a minute of this judgment upon the "Index of All Liens" kept in his office, the clerk wrote the name "C. E. Berry," instead of C. C. Berry, as it appears in the judgment entry. Because of this variation from the true name of the defendant, it is argued that the judgment never became a lien upon the property of the defendant C. C. Berry.

Code Section 3801 provides that judgments in the district court of the state "are liens upon the real estate owned by the defendant at the time of such rendition, and also upon all he may subsequently acquire, for the period of ten years from the date of the judgment." In the chapter relating to the office of clerk of the district court (Code, Title III, Chapter 8), the statute enumerates the books or records to be kept in such office, among which is "an index of all liens in said court." Under this provision, it has been held that, when not so indexed, or where indexed in the wrong name, the judgment entry alone is insufficient to impart constructive notice to third persons of the existence of the lien. *Thomas v. Desney,* 57 Iowa 58; *Cummings v. Long,* 16 Iowa 41; *Sterling Mfg. Co. v. Early,* 69 Iowa 94.

The existence of a judgment lien is not dependent upon its entry in the index of liens. By the express terms of the statute, the lien attaches to lands within the county from the rendition of the judgment. Code, Sections 3801 and 3802. The index goes only to the question of notice to third persons. See cases already cited; also, *Aetna Life Ins. Co. v. Hesser,* 77 Iowa 381; *State Sav. Bank v. Shinn,* 130 Iowa 365; *Cushing v. Edwards,* 68 Iowa 145.

The appellant bank did not, in its answer or cross-petition, allege that it extended credit to C. C. Berry, or took its mort-

gage from him without knowledge or notice of the Cooke judgment; nor did it, on the trial, make any such claim or offer any evidence to that effect, or claim to have been in any manner deceived or misled by the entry in the clerk's index. Indeed, it would seem from the record made and the argument presented for a reversal that appellant's reliance is not so much upon the want of notice by a proper index entry as upon the theory that, in the absence of such entry, there is no lien. This, as we have seen, is not a correct statement of the law.

Moreover, in view of all the circumstances of the case, we are of the opinion that the trial court properly found the error in the index not to be of such material or substantial character as to render it ineffective as constructive notice

2. JUDGMENT: erroneous index. of the judgment. It is true that, in one obvious sense of the word, the initials "C. C." and "C. E." are not identical; but the circumstances of their use may be such as to make it reasonably certain that they are meant to apply to the same person. Where the person's first name is written in full, the omission of a middle initial or the insertion of an incorrect one is ordinarily, but not always, regarded as immaterial. So, too, where the given name is represented by two initials only, a variation in the middle letter may or may not be material, according to circumstances. Ordinarily speaking, it may be said that a reasonably careful inquirer, searching an index for records affecting a person of a stated family name, with the initials of two given names, and finding an entry of the correct family name, with the correct first initial, will not allow an incorrect middle initial to divert his inquiry until he has satisfied himself that such entry does not relate to the person in mind. It is difficult, if not impossible, to formulate a rule by which all disputes of this nature may be definitely settled. Each case is quite dependent upon its peculiar facts; and the question whether the name found in the index is such as to put the searcher upon inquiry is, as a rule, one of fact, and not of law.

It has been held that a judgment indexed against Mrs. G. B. Smith is sufficient to support its lien upon the property of Kate L. Smith. *State Sav. Bank of Missouri Valley v. Shinn,* supra.

The variation between the names Almira J. Stringham, J. A. Stringham, and A. J. Stringham has been held not to render void the indexing of a conveyance. *Huston v. Seeley,* 27 Iowa 183.

A judgment indexed against F. Zehnder was held sufficient to charge the land conveyed by him under his proper name of John Jacob Zehnder. *Jenny v. Zehnder,* 101 Pa. 296.

A judgment against J. W. Humphrey is sufficient to put a purchaser from John W. Humphrey on inquiry. *Pinney v. Russell & Co.,* 52 Minn. 443.

This court has said, in *State Savings Bank of Missouri Valley v. Shinn,* supra:

"Recordation and indexing of instruments and judgments is provided for in order that bona-fide purchasers and incumbrancers having no actual notice may be protected; and it is generally held that failure to docket or index a judgment does not wholly destroy its effect as a lien. * * * The object of the docket and index is to apprise intending purchasers or incumbrancers of judgment liens. For some purposes, judgments are valid as soon as rendered, and, even if improperly indexed, they are valid between the parties, and as to everyone save bona-fide purchasers and incumbrancers."

Brought to this test, we think the finding by the trial court is readily sustainable. Admittedly, the Cooke judgment and lien thereof were first in order of time, and it is entitled to be first satisfied from the property in question, unless it appears that the indexing of the lien was, as a matter of law, insufficient to impart constructive notice of its existence. Such is not the effect of the showing made in the record, and the decree appealed from is—*Affirmed.*

LADD, STEVENS, and ARTHUR, JJ., concur.