HOWE v. THAYER.

1. **Notice** : WHEN MORTGAGE IS NOT INDEXED. The purchaser of real estate is not bound to look beyond the record for incumbrances thereon, and if a mortgage be not of record, or, being recorded, is not indexed so as to apprise the purchaser of the existence of the lien, in the absence of actual knowledge he takes the realty free therefrom.

*Appeal from Linn District Court.*

WEDNESDAY, SEPTEMBER 18.

ACTION to set aside a mortgage as constituting a cloud upon the plaintiff's title. The plaintiff purchased the premises in question of one William H. Furman. At the time he purchased a mortgage had been executed upon the premises to the defendant, Carrie W. Thayer, and recorded; but it had been indexed and recorded as executed by William H. Freeman instead of William H. Furman. The plaintiff avers in his petition that "before receiving the deed he took all necessary and prudent measures to ascertain if the title was good and free from all incumbrance, and said examination, including an abstract of title prepared by skilful and reputable persons, in that respect developing no defects nor incumbrances, he purchased the premises." After the plaintiff's purchase the index and record were changed by the erasure of the name of Freeman, and the insertion of the name of Furman. To the petition setting out these facts in substance the defendant demurred, and the demurrer was sustained. Plaintiff appeals.

Howe v. Thayer.

*Daniel Lothian,* and *Thompson & Davis,* for appellants.

No appearance for appellee.

ADAMS, J.—The purchaser was not bound to look beyond the index.  *Noyes v. Horr,* 13 Iowa, 570.  The only question

1. NOTICE:
when mort-
gage is not
indexed.

is as to whether the name of the mortgagor was so indexed as to impart constructive notice of the mortgage.    To many persons examining the record it might occur that the name of William H. Freeman was written by mistake for William H. Furman, but it would not necessarily, and we could not say that an examiner would be guilty of negligence to whom it should not occur.   We think, then, that the plaintiff did not have constructive notice of the mortgage.

Of course, if the plaintiff had actual knowledge, that would be sufficient.   Some doubt has existed in our minds as to whether the petition sufficiently shows that the plaintiff did not have actual knowledge.   It is not so carefully drawn in this respect as it might have been.   But no argument is made by the appellee to suggest to us that this point was made in the court below, or that the demurrer was sustained upon this ground.   It appears to us, therefore, that if we should hold that the demurrer was properly sustained we might do the plaintiff injustice.   We think, therefore, that the case should be remanded, and if any doubt exists as to whether actual knowledge is sufficiently denied the court should direct, on motion, that the petition be made more specific in this respect.

REVERSED.