THE ÆTNA LIFE INSURANCE COMPANY v. HESSER *et al.*

Judgment: TRANSCRIPT: DEFECTIVE INDEX: SUBSEQUENT MORT-GAGE: CORRECTION OF INDEX: NOTICE: PRIORITY. Defendant Hesser executed a mortgage on real estate to plaintiff. Prior to that time a judgment had been obtained against Hesser in another county, and a transcript sent to the county where the land was, and it was filed and entered in the index of all liens, but the name of the defendant in the index was so written as to look more like Hesse than Hesser; and after the mortgagee had examined the index for liens against Hesser and found none, and after the mortgage had been executed, the clerk changed the name as it appeared in the index to Hesser, by changing a curve at the end of Hesse, and which he thought was intended for an r, to a plain r. In an action to foreclose the mortgage, a purchaser of the land under the judgment was made a party, and, upon the question of priority, *held*—

(1) That the clerk had no authority to change the index, and that it must be regarded as showing a judgment against Hesse and not against Hesser, and that the names are so dissimilar that one looking for encumbrances against Hesser would not be charged with notice or put on inquiry. (See *Thomas v. Desney*, 57 Iowa, 58; *Howe v. Thayer*, 49 Iowa, 154.)

(2) That plaintiff was justified in relying on the "index of all liens," and was not required to consult other indexes for judgments against the property.

(3) That the judgment was not a lien as against plaintiff until it was entered in the "index of all liens," as required by Code, section 197; and, *arguendo*, that no judgment is fully rendered so as to operate as a lien until it is entered on the books pre-scribed by statute.

(4) That since plaintiff had no actual notice of the judgment, and no constructive notice by record, his mortgage was superior to the title under the judgment.

*Appeal from Webster District Court.*—HON. J. L. STEVENS, Judge.

FILED, MAY 14, 1889.

ACTION in chancery to foreclose a mortgage. By the decree in this case, the title of the land was declared to be in one of the defendants, under a purchase at a

sale on a judgment which was held to be a lien upon the land prior to plaintiff's mortgage, and that the defendant held the land free from the lien of plaintiff's mortgage. The plaintiff appeals. The facts of the case appear in the opinion.

*Albert E. Clarke*, for appellant.

*Wright & Farrell* and *Baker & Ball*, for appellees.

BECK. J.—I. The facts upon which the decisive questions in this case arise are these: The mortgage which plaintiff seeks to foreclose was executed by J. H. Hesser, and conveys certain lands in Webster county. Before the execution of the mortgage a judgment had been rendered against Hesser, and in favor of one Coost, and another by a justice of the peace of Louisa county, a transcript of which had been filed in the office of the clerk of the district court of Webster county, before plaintiff's mortgage was executed and filed for record. Plaintiff insists that its mortgage is the paramount lien, for the reason that defendants' judgment was not shown by the "index of all liens" required to be kept by the clerk of the district court in his office.

II. The decisive question in the case is this: Is plaintiff's mortgage lien superior to the lien of defendants' judgment, on the ground of the absence of an entry thereof upon the index required to be kept by law? The facts upon which this question is to be determined are as follows: Defendants' judgment, it may be assumed, was duly rendered, and a transcript thereof was filed in the clerk's office in Webster county. Plaintiff, however, insists that the judgment was rendered against "J. H. Hesse." We waive inquiry on this point, as it need not be determined, in view of the conclusion we reach on another branch of the case. It is also insisted that the judgment, after being filed in Webster county, was not, before plaintiff's mortgage was executed, entered upon the "index of all liens," required to be kept by Code, section 197, subdivision 8. This position is disputed by defendants. We find the facts to be that

the entry upon this index intended to indicate the judgment gives the name of defendant as J. H. Hesse. The evidence upon this disputed point is as follows: The plaintiff caused an abstract of the title of the land to be made before the mortgage, which was for money loaned, was accepted. The examiner found no lien against Hesser. An agent of plaintiff, to verify the examiner's work, examined the index of the liens, and found nothing against Hesser. They both testify that their examinations were carefully made. The first examiner testifies that some time after, in his presence, the clerk's attention being called to the entry on the index, he changed the name by adding an r to the name Hesse. This evidence is positive, plain and direct. It is sought to be discredited by proof that a person who the witness declares called the attention of the clerk to the name, and saw the change made, was not present. The witness afterwards states that he was not acquainted with the person referred to, and that he might have given the name which was repeated by the witness, or might have stated that he was the agent or representative of a person of that name. But the witness is corroborated by the agent of the plaintiff, who examined the title. He testifies that when the mortgage was executed the name Hesse had no r affixed to it, and that it was afterwards changed by the addition of that letter. But the clerk himself corroborated plaintiff's witness on this point. He testified as follows: "I recollect of some person being in my office about that time, and, in looking up the records in regard to this matter, my attention was called to the name on the lien index. The question arose as to whether the name was Hesse or Hesser. My recollection is that I thought it was Hesser, but made it plainer, by making or lengthening the curve on the last letter, but I cannot now recollect whether it was Mr. Lewis and Mr. Williams who was present in the office, or who it was." Williams, referred to in this testimony, is the examiner of the title, and the witness testifying for plaintiff and Lewis is the person he states was present when the change was made.

The only disagreement between the clerk and plaintiff's witness is that the clerk says the change was simply making the name plainer by "lengthening the curve on the last letter." He admits that there was a change, but wishes it to be understood that it was only a little change. But, according to his own admission, the change was such as to make an r out of a curve, which, to say the least of it, made certain that which even to him was an uncertainty. This was plainly a change of the record, wholly unauthorized and unlawful, if not criminal. No custodian of records is authorized thus to tamper with them. The alteration is to be disregarded, and the record is to be regarded as it stood before it was tampered with. We find it unnecessary to go to the transcript of the record, or to consider certain photographs of the original records. We reach the conclusion that the index was changed upon the evidence before us, as presented in the abstract, which, so far as the facts stated by us are concerned, is not disputed. We are to regard the index as showing a judgment against J. H. Hesse, and not J. H. Hesser.

III. It is plain that the names are so dissimilar that one searching for encumbrances would not be charged with notice of the judgment, or put on inquiry. *Thomas v. Desney*, 57 Iowa, 58; *Howe v. Thayer*, 49 Iowa, 154.

IV. Code, section 197, provides that the clerk of the district court shall keep, as a record of his office, "a book in which an index of all liens in the district court shall be kept." The same statute requires indexes of record books, judgment dockets and of some other records to be kept. These records and the indexes are all to be kept for use, to the end that the proceedings of the court and encumbrances upon property may be readily discovered. It is obvious that the law requires all of them to be correctly kept, and any one consulting the proper index is authorized to rely upon its fulness and correctness.

The Ætna Life Ins. Co. v. Hesser.

V.  It is plain that the "index of all liens" shows all judgments in the court to which the records pertain. If such liens may be found by consulting other indexes, the searcher is not required to resort thereto after having examined the "index of all liens," for he is authorized to rely upon its fulness and accuracy. The plaintiff, therefore, after having caused this index to be examined, was not required to pursue inquiry through other indexes.

VI.  We are required to inquire whether a judgment or transcript of a judgment, found in the records of the clerk's office, is a lien, and operates as notice thereof, if the index required by statute be wanting. It is the settled policy of the law to require notice to be given to all the world of the title to and encumbrances upon real estate, to the end that an innocent purchaser, having no notice of liens or adverse claims not disclosed by the records in the manner prescribed by the statute, will hold land as against such claims and liens. Judgments and liens, in order to bind land as against persons having no actual notice thereof, must appear of record in the manner prescribed by the law; that is, they must be found in the records wherein the statute requires them to be entered. It is plain that a judgment, though formally entered and signed upon a paper duly filed and attached to the court files, would not operate as a lien, for the reason that it is not found in the books provided by law as the receptacle of the records of judgments. The statute requires indexes to be kept, and judgments and liens to be duly entered therein. Code, sec. 197. A transcript of a judgment filed in the clerk's office by special provisions is required to be indexed. Code, sec. 2885. The statute requires an index to be kept, and to be used by entering therein all liens. A judgment transcript or other lien is not completed as an encumbrance until it be indexed. The purpose of the index is to give notice of the encumbrance, just as the registry of a deed is intended to give notice of the conveyance. Now, it is plain that, in order to establish a

lien as against an innocent purchaser, having no notice thereof, the index, being the very instrument intended to impart notice, is to be regarded a part of the very record of the judgment; that is, the entry of the judgment in the book provided therefor, and the index required to be kept by the statute, constitute the record of the judgment as regarded when questions as to liens arise which affect purchasers without actual notice. Therefore, when a judgment is not indexed, a purchaser without actual notice is not bound thereby, for the reason that the record required by the statute to impart constructive notice, i. e., the indexed judgment, does not exist. In support of these views, see *Thomas v. Desney*, 57 Iowa, 58; *Sterling Manuf. Co. v. Early*, 69 Iowa, 94; *Cummings v. Long*, 16 Iowa, 41; *Howe v. Thayer*, 49 Iowa, 154.

VII. Counsel for defendants insist that, as the statute declares that a judgment and a transcript shall be a lien from the day of the rendition of the one and the filing of the other, the lien is to be enforced without regard to the absence of the index required by law. They rely upon the following sections of the Code: "Sec. 2883. When the lands lie in the county wherein the judgment was rendered, the lien shall attach from the date of such rendition. Sec. 2884. If the lands lie in any other county, the lien does not attach until an attested copy of the judgment is filed in the office of the clerk of the district court of the county in which the land lies. Sec. 2885. Such clerk shall, on the filing of a transcript of the judgment in his office, immediately proceed to docket and index the same, in the same manner as though rendered in the court of his own county."

The last section quoted requires the transcript to be indexed. Other provisions, referred to above, require judgments to be indexed. These provisions and the sections just quoted are to be considered together in the light of the views we have above stated. The judgment or transcript before it becomes a lien must be of record, i. e., entered in the record books required by statute. When that is done, it becomes a lien; before,

it was not, for the record was not completed by an entry in the index, which is required to make it a lien. This view harmonizes the provisions of the sections just quoted and other provisions hereinbefore referred to.

VIII. But we think a fair construction of the language of sections 2883–2885 does not authorize the conclusion that the lien begins upon the entry of a judgment or the filing of a transcript. Section 2883 declares that a judgment is a lien upon lands in the county wherein it is rendered, "from the date of such rendition." "Rendition" is the act of rendering. To "render" is "to make up; to finish; to state; to deliver; * * * as, to render a judgment." Webst. Dict. Now, a judgment is not rendered, so as to be effective and capable of enforcement as a lien, until it is "made up, finished, stated or delivered" in the form and manner as required by statute. It must be entered of record in the books prescribed by statute. One of these books is the "index of all liens." Therefore "the date of rendition" of the judgment which shall operate as a lien is when it is completely rendered, *i. e.*, entered on the record books prescribed therefor, among which is the "index of all liens." So the filing of a transcript of a judgment contemplated by section 2885 is not completed so as to make the judgment a lien until it be indexed. The judgment will not be regarded as rendered until it has been indexed.

IX. We reach the conclusion that, as the judgment set up by defendant was not entered in the "index of all liens," it is not a lien superior to plaintiff's mortgage. The decree of the district court will be reversed, and a decree foreclosing plaintiff's mortgage, in conformity with the views above expressed, will be entered in this court, or, at plaintiff's option, the cause will be remanded for such a decree in the court below.

REVERSED.