The City of South Bend v. Cushing.

Filed April 11, 1890.

No. 14,230.

THE CITY OF SOUTH BEND v. CUSHING.

TAXES. —*City.*—*Out-Lots.*—*Inclusion of by Extension of Corporate Limits.*— By an act of the Legislature, of January 8th, 1847 (Local Laws 1847, p. 217), the South Bend branch of the State Bank was authorized to lay off into out-lots a tract of land, owned by it adjoining the town of South Bend, the act expressly providing that the lots should not be a part of the town of South Bend, or within its jurisdiction.    After the town was incorporated as a city the corporate limits were extended so as to include the property thus platted within the corporate limits. Each of the lots in question contains more than five acres, and is used only for agricultural purposes.

*Held,* that the lots were not platted as town or city property, and under section 3261, R. S. 1881, were not liable to be taxed in excess of the township levy in which the lands were situated.

From the St. Joseph Circuit Court.

*L. Hubbard,* for appellant.

*A. Anderson,* for appellee.

OLDS, J.—The appellee is the owner of Bank out-lots 107 and 109, situate within the corporate limits of the city of South Bend.    The city of South Bend had taxed said lots

at a higher aggregate percentage upon the appraised value thereof than the aggregate percentage of the tax levy in the civil township in which such lots are situated. The city collected the taxes so assessed against said lots, and the appellee brought this suit to recover back the excess above the tax levy in the civil township so assessed against said lots and paid by him.

Issues were joined and a trial by the court. On proper request the court made a special finding of facts, and stated its conclusions of law, and rendered judgment for the appellee.

The appellant excepted to the conclusions of law.

The sole question presented is as to whether or not the lots in question are platted as city or town property, and are liable to taxation as such.

Section 3261, R. S. 1881, provides that "Lands lying within the limits of any city or incorporated town in this State, that are not platted as city or town property, and are not used for other than agricultural purposes or are wholly unimproved, together with all personal property used for the purpose of farming on such lands, shall not be taxed in such city or town, for all purposes, at a higher aggregate percentage upon the appraised value thereof than the aggregate percentage of the tax levy in the civil township wherein such property is situated : *Provided, however,* That the provisions of this act shall not apply to parcels of land containing less than five acres."

It is shown by the finding of facts, and conceded by counsel for the appellant, that each of the lots in question contains more than five acres—one contains ten and the other fourteen acres and a fraction of an acre ; that they are both wholly unimproved, except that they are cleared and fenced, and that they are used only for farming purposes, so that the only question in controversy is as to whether they were or are platted as city or town property.

The town of South Bend was incorporated under the act

approved January 15th, 1844 (Local Laws 1844, p. 35). After the incorporation of the town, and when it contained a population of from 1,500 to 2,000 people, by an act approved January 8th, 1847 (Local Laws 1847, p. 217), the South Bend branch of the State Bank was authorized to lay off in out-lots any land owned by it lying near or adjoining the town of South Bend, and such bank was authorized to survey said lands, lay it off in lots and number the same, and have the plat recorded in the recorder's office of said county, and the bank was authorized to sell and convey the same by the numbers. It was provided by said act that all streets or avenues marked and laid off and platted should become and forever remain public highways. Said act further provided that nothing in said act should be so construed as to bring into the corporate limits or jurisdiction of said town of South Bend the said out-lots when the same were surveyed and platted and recorded by virtue of the act.

Section 2 provided that said lots, when so platted, should be known as out-lots of the town of South Bend.

The town of South Bend increased in population, and was afterwards incorporated as a city under the general laws for the incorporation of cities. Several years before the bringing of this action it extended its corporate limits so as to include the land in controversy. In 1854 the South Bend branch of the State bank owned about one hundred and sixty acres of land lying adjoining and near the town of South Bend, and it duly platted the same in accordance with said act of 1847 into twenty-four lots, and the plat was duly acknowledged and recorded. In 1859 the town of South Bend extended its corporate limits so as to include such platted lands, and afterwards the town was incorporated as a city under the general laws of the State, and the corporate limits of the city extended by an ordinance to include these lots in question in this case. Some of the lots so platted, with lots 107 and 109, have been subdivided into lots and built upon. The plat is not designated as a plat or addition to

the town of South Bend, but as a plat of out-lots lying near to and adjoining to South Bend; that the lots so platted, except the lots in question, have been gradually built upon and subdivided and platted, and the lots in question are now a part of the first ward of the city of South Bend; that the town and city of South Bend have always exercised jurisdiction over such territory so platted; has graded the streets, laid water-pipes and placed street-lights in said addition.

Upon the foregoing facts the court stated as a conclusion of law, in effect, that said lots 107 and 109 were not platted as town or city property, and were not liable to be taxed in excess of the tax levy for the civil township in which they were situated. In this we think there was no error.

The act of the Legislature authorizing the bank to plat the lands expressly provided that the lots should not be a part of the town of South Bend, or within the jurisdiction of said town. The plat does not purport to be a part of said town. It appears from the act and from the plat that the bank owned the tract of land adjoining the town, and that for the purpose of selling the same in parcels, and for convenience in conveying, the act was passed enabling the bank to plat the land, expressly providing that it should not be a part of the town of South Bend, nor was it platted as any other town or city, but by a change in the law and corporate power of the town and city after the lots were platted, the corporate limits were legally extended so as to include the property thus platted within the corporate limits.

The lots in controversy were platted but the one time, and if not platted then as town or city property, then they were not at the time of assessing the tax against them and the commencement of this suit platted as town or city property, and, hence, under section 3261, were not liable to be taxed in excess of the township levy, as said section exempts lands lying within the limits of any city or town not platted as city or town property.

The lands were not, in our opinion, platted as town or city property.

There is no error in the conclusions of law stated by the court.

Judgment affirmed, with costs.

