STATE INSURANCE COMPANY, Appellant, v. EMILY M. PRESTAGE, CHARLES PHILBRICK and CAROLINE PHILBRICK, Appellees.

**Fraudulent Conveyances:** HOMESTEAD. A voluntary conveyance of a homestead is not fraudulent as to the grantor's creditors.

*Burden of proof.* Where the defendant in a suit by a creditor of the grantor to set aside a conveyance given in consideration of future support contends that a portion of the land was the grantor's homestead, and that the grantor has received certain sums for his support since the date of the conveyance, equivalent to the value of the remaining land, the burden of showing the homestead character of the land and the payments to the grantor is on the defendant.

SUBSEQUENT CREDITORS: *Burden of proof.* A subsequent creditor not being entitled, as a rule, to complain of a fraudulent

conveyance, the burden is on the plaintiff in a suit to set aside such conveyance of showing judgment in the county where the land is situated, based on an indebtedness existing at the time of the conveyance.

PROOF OF LIEN: *Transcript of transcript from justice.* An instrument. properly certified by the clerk of one county as the true copy of the transcript of a. judgment of a justice of the peace, and entitled as a transcript of a judgment, but which only recites that on a certain date there was filed a transcript from the docket of the justice, "in which," a. judgment was rendered on a certain date for a certain sum, in favor of a certain plaintiff and against a certain defendant, and including a memorandum showing the title of the case, the page and volume of the district court judgment docket, the amount of judgment, and the date of its rendition, is not a transcript of a judgment, either of a justice's or the district court, sufficient, on its being filed in another county, to constitute a lien on land situated therein, under Code, section 3802, providing that the transcripts of judgments of other counties must be filed in the county where land is situated, in order to constitute a lien thereon.

*Same.* The fact that a purported transcript of a judgment of another county might be admissible in evidence under Code, section 4635, providing that duly certified copies of public records shall be evidence of equal credibility with the originals, will not make the transcript sufficient to constitute, on filing, a lien on real estate, so as to support a creditor's bill.

*Same.* Under Code, section 4538, requiring the county clerk to file a transcript of a justice's judgment as soon as received, and to.enter the same in the judgment docket and lien index, and providing that it shall be, after such entry, treated as a district court judgment, a justice's judgment does not become a district court judgment by the mere filing of a transcript of the judgment of the justice in the office of the county clerk, but it must be entered on the judgment docket and lien index.

*Same—Indexing.* Where a district court judgment is not indexed in the lien index, as required by law in order to make it a lien on real estate, it is not sufficient, in the absence of a levy giving a lien, to support a suit to set aside a fraudulent conveyance.

*Justice's judgment.* A judgment of a justice of the peace is not sufficient to support a creditors' bill, especially where the land sought to be subjected is located in another county.

PROVING DATE OF DEBT. Evidence in a suit to set aside a fraudulent conveyance, based on a judgment rendered. after the convey-

4     ance, that the debt existed before the conveyance, which is
      made up of inferences largely based on hearsay, is not sufficient
      to prove such fact.

*Appeal from Hamilton District Court.*—HON. J. R. WHIT-
AKER, Judge.

SATURDAY, APRIL 12, 1902.

CREDITORS' bill to subject certain lots in the city of
Webster City, the record title to which is in defendant Car-
oline M. Philbrick, to the payment of a judgment held by
plaintiff against Emily M. Prestage. The trial court dis-
missed plaintiff's petition, and plaintiff appeals.—*Affirmed.*

*J. H. Richard* and *G. D. Thompson* for appellants.

*W. J. Covill* for appellees.

DEEMER, J.—On August 25, 1897, Emily M. Prestage
conveyed the lots in question to Caroline M. Philbrick in con-
sideration of an agreement on the part of the grantee and her
husband, Charles, to support and care for the grantor during
her natural life. Pursuant to the agreement the Philbricks
sold property owned by them in the state of Kansas, where
they were then living, and came to Iowa, and have supported
the grantor down to the time of the bringing this suit. Ap-
pellant claims that the judgment against Emily Prestage was
rendered on October 25, 1898, on debts contracted in the
year 1882, and that the conveyance to the Philbricks was
and is fraudulent and void. No actual fraud is claimed, and,
if it were, the claim would be without support in the
evidence. The contention is that the conveyance was volun-
tary, and therefore fraudulent, in so far as it provides for the
future support of the grantor, under the rule announced in
*Harris v. Brink,* 100 Iowa, 369. The defendants, among
other things, claim that the property conveyed was the home-

stead of defendant Prestage; that, in any event, at least part of it was homestead in character, and that the payments made by them should be charged against the non-homestead property; and that, when so charged, nothing remains for the plaintiff. They also say that plaintiff has no judgment, or at least, has not shown the same, and that there is no evidence that the debt on which the same was rendered antedates the conveyance of the property to the Philbricks.

There is no doubt that the conveyance was voluntary, in so far as it exceeds in value the payments made by the defendants before the bringing of this suit, but a voluntary conveyance of a homestead is not fraudulent; nor is a subsequent creditor, as a rule, entitled to complain of it. These are familiar principles, well sustained by authority. Hence it is incumbent on plaintiff to show that it has a judgment, and that this judgment was obtained on debts contracted before the conveyance was made. This being shown, the burden is on the defendants to show that the property was the homestead of Mrs. Prestage, or, if not a homestead, the amount of payments made by them before the commencement of this action.

Has the plaintiff met the burden imposed upon it? To show a judgment, plaintiff offered in evidence the following, which was filed with the clerk of the Hamilton county district court:

"Transcript of Judgment. State of Iowa, Polk County —ss.: Be it remembered that on the thirtieth day of November, A. D. 1898, there was filed in the office of the clerk of the district court of Iowa, within and for Polk county, a transcript of judgment from the official docket of E. L. Blake, a justice of the peace within and for said county, in which said judgment was rendered October 25, A. D. 1898, in favor of State Insurance Co., plaintiff, and against Emily M. Prestage, defendant, for the sum of thirty-eight and 85-100 dollars, with interest thereon at the rate of 10 per cent. per annum, and 3.89 dollars attor-

ney's fees, with six per cent. interest thereon from said date, together with the costs, taxed at $3.90.

"Docket 14. Transcript Judgment Docket, Polk County, Iowa. Page 1089. Names of parties, State Insurance Co. vs. Emily M. Prestage. Date of Judgment, Oct. 25th, 1898. Amount of judgment, $38.85. Attorney's fees, $3.89. Amount of costs, $3.90. Accrued costs, $3.80. Rate of interest, 10 and 6."

This document was properly certified by the clerk of the district court of Polk county as a true copy of the transcript of the judgment of Blake, a justice of the peace, in the case as therein entitled, as the same appeared of record and filed in his office. It was objected to as not showing a judgment against Emily Prestage, as not properly certified, and as creating no lien in favor of plaintiff. It does not appear to have been indexed in the index of liens by the clerk of the Hamilton county district court, nor is it in fact a transcript of a judgment of a justice of the peace. In reality it is nothing more than a declaration as to what was done by a justice, with a copy of a memorandum attached. This memorandum, as will be noticed, was not certified by the clerk of the district court of Polk county as a judgment of that court, nor is there any reference to it in his certificate, and we may only guess as to what it is. Perhaps it is the memorandum required by section 4538 of the Code, but that does not sufficiently appear from any certificate before us. The mere filing of a transcript from a justice of the peace does not make it a judgment of the district court, under section 4538, which requires a memorandum thereof, with the date of filing, to be entered on the judgment docket and lien index. Moreover, there is no showing that this memorandum and lien, if such it may be called, was ever entered on the lien index of Polk county. It is manifest that this supposed transcript is not sufficient to create a lien on the land, and that in fact no transcript of the judgment was filed in the Hamilton county court as required by section 3802 of the

Code. *Insurance Co. v. Hesser,* 77 Iowa, 381; *Blaney v. Hanks,* 14 Iowa, 400. There is no transcript of the justice judgment, nor is there a transcript of a judgment of the district court. Moreover, neither of the judgments, if there are any, appear to have been indexed as the law requires; and plaintiff, without an actual levy, or doing that which, but for the conveyance, would give it a lien upon the property, is in no position to attack the conveyance.

Plaintiff insists, however, that the instrument offered in evidence was admissible under section 4635 of the Code. That may be true, but this does not meet the point. He must show an actual judgment by the Polk county district court, and a transcript thereof to Hamilton county, before he may attack the conveyance. A judgment of a justice of the peace will not support a creditor's bill, especially where, as in this case, the land sought to be subjected lies in another county from that in which the judgment was obtained. *Peterson v. Gittings,* 107 Iowa, 306. But if it would, there is no transcript of such a judgment in the record. Aside from this, however, there is no competent evidence that the so-called judgment was rendered on a debt contracted before the conveyance. True, a witness was offered to prove this fact, but his testimony is made up of inferences largely based on hearsay evidence.

Having found that there is no proper evidence of a judgment, and no showing that the judgment, if one was obtained, was rendered on a debt antedating the conveyance, there is no need of considering the other propositions in the case. However, we may say that defendant's claim that the property was homestead in character, because purchased with the proceeds of a former homestead, is doubtful, to say the least.

But for the reasons pointed out, the judgment must be AFFIRMED.

WEAVER, J., taking no part.