## GLENOVICH V. ZURICH *et al.*

Where one whose true name was "Jacob Zurich" took title to real estate
as "Jacob Zujic," in which name it was recorded, and thereafter mort-
gaged it successively first under the name "Jack Zujic," which was re-
corded as "Jack Zurch"; second, as "Jack Zulich," his wife joining as
"Mary Zulich"; and, third, as Jacob Zurich, his wife joining as "Pere
Zurich"—the third mortgagee was not entitled to claim priority over
either of the other mortgagees, since, had he examined the record, he
would have found that his mortgagor, as far as the record showed, had
no title to the property.

(Opinion filed December 21, 1904.)

Appeal from circuit court, Lawrence county; Hon. W. G.
RICE, Judge.

Action by Lewis Glenovich against John Zurich, George E.
Collins, and others.   From the judgment, Collins appeals.   Af-
firmed.

*Geo. B. Thompson,* for appellant, George E. Collins.

*Joseph B. Moore,* for respondent, Lewis Glenovich.

*Thos. L. Redlon,* for respondent, John Zurich.

CORSON, P. J.   The question presented in this case is
whether or not certain recorded conveyances were sufficient to
constitute constructive notice to a subsequent mortgagee.
It appears from the findings of the court that in 1888 one Jacob
Zurich acquired title to a lot in Lead City under the name of
"Jacob Zujic," and that it was indexed by the register of deeds
in the name of "Jacob Zujic."   In July, 1896, the said Jacob
Zurich, to secure a loan of $250 obtained from his brother,
John Zurich, executed a quitclaim deed to the property, as se-
curity, under the name of "Jack Zujic."   Subsequently, in

1897, the said Jacob Zurich, who was then a married man, obtained a loan of $270 from the plaintiff, Lewis Glenovich, and to secure the same executed a note and mortgage with his wife, Mary Zurich, in the name of "Jack Zulich" and "Mary Zulich." Subsequently, in December, 1899, the defendant Jacob Zurich and his wife executed and delivered to the defendant George Scott their certain promissory note and mortgage to secure the sum of $400 loaned them under the names of "Jacob Zurich" and "Pere Zurich," his wife. This latter mortgage was subsequently assigned to the defendant George Collins. The court finds that neither the said George Scott nor the said George E. Collins had any actual knowledge or notice of the deed to John Zurich or the note and mortgage to the plaintiff, Glenovich. The court concludes from its findings that John Zurich obtained a prior lien under and by virtue of the quitclaim deed to him for the amount of his loan, that the plaintiff, Glenovich, obtained the second lien by virtue of the mortgage to him to secure the sum of $270, and that Collins acquired the third lien by virtue of his mortgage to secure the loan of $400, and judgment was entered thereon accordingly. From this judgment George E. Collins has appealed to this court.

It will be observed that Jacob Zurich acquired title to the property by the name of "Jacob Zujic," and that the conveyance to his brother, John Zurich, was made by him in the name of "Jack Zujic," and that the same was entered in the recorder's office as "Jack Zujic"; that the mortgage to the plaintiff, Glenovich, was executed under the names of "Jack Zulich" and "Mary Zulich"; and that the mortgage was executed to the said Scott under the names of "Jacob Zurich" and "Pere Zurich," his wife. It is contended by the ap-

pellant that by reason of these mistakes in the name of the defendant Jacob Zurich, made in the execution of the quitclaim deed to his brother and the mortgage to the plaintiff, Glenovich, there was no constructive notice to the defendant Scott or his assignee, Collins, of the execution of these prior incumbrances, and that the mortgage executed to the defendant Scott, and assigned to the defendant Collins, in view of the record title, constituted a prior and paramount lien, and that the court's conclusions of law were therefore erroneous. It is insisted by John Zurich that the deed to him was so executed as to constitute constructive notice, for the reason that the conveyance was made in the name of "Jack Zujic," the name by which Jacob Zurich acquired the title to the property, with the exception that the Christian name was given as "Jack" instead of "Jacob," and that the fact that it was entered upon the record by the register of deeds as "Jack Zurch," instead of "Jack Zujic," was a mistake of the register of deeds, for which he was not responsible. It is insisted by the plaintiff that the mortgage to him was sufficient to give constructive notice notwithstanding it was executed in the names of Jacob and Mary Zulich, for the reason that, if the defendants Scott and Collins had examined the numerical record which the register is required to keep, they would have discovered that the lot in controversy was the same lot that had been conveyed to Zulich, and was covered by the mortgage, and that the defendants Scott and Collins had constructive notice of whatever might have been ascertained from the record had they made a proper examination of the title. Undoubtedly, a subsequent purchaser or incumbrancer is charged with constructive notice of the contents of all duly acknowledged and

recorded instruments affecting the property upon which he seeks to establish a title, and in this state a purchaser or incumbrancer is not only required to search through the index of the names of grantor and grantee, but also through the numerical index required to be kept by the register of deeds affecting or relating to the title of real property; and where no such search has been made the purchaser or incumbrancer is charged with constructive notice of knowledge that he might have acquired had such search been made. In this case, had Scott or his assignee, Collins, examined the index of grantors and grantees or the numerical index, he would have failed to discover any title in his mortgagor, for, as we have seen, the mortgagor took title to the property in the name of "Jacob Zujic," and not in his true name of "Jacob Zurich." And had he examined the numerical index, and through it the deed under which Zurich claims title, he would have obtianed no further information, as in examining such deed he would have seen that the name of grantee was "Zujic," and not "Zurich." Certainly there is no such similarity between the names "Zujic" and "Zurich" as to impart notice that the property had been conveyed to Zurich, and hence he would from such information have discovered that his mortgagor, Jacob Zurich, had no title to the premises in controversy. In view of this condition of the registry, it was quite clear that the appellant is not in a position to ask for a reversal of the judgment in this case. Had the property originally been conveyed to Jacob Zurich in his true name, there would be force in the contention of appellant that the errors in the name of the grantor in the deed to John Zurich being signed by "Zujic," and in the mortgage to the plaintiff being "Jack Zulich" and "Mary Zulich," would

have rendered the record in the office of the register of deeds so defective that the appellant's mortgage might have been properly decreed as constituting the first lien upon the prop erty. Howe v. Thayer, 49 Iowa 154; Hei & Lauer's Appeal, 80 Am. Dec. 590; Hess v. Johnson, 123 Ind. 293, 25 N. E. 445, 9 L. R. A. 471; Mackey v. Cole, 79 Wis. 426, 48 N. W. 520, 24 Am. Dec. 728; Thomas v. Desney, 57 Iowa 58, 10 N. W. 315. As before stated, had the appellant made the examination of the records in the office of the register of deeds before making the loan, such examination would have resulted in the information that his mortgagor, so far as the record disclosed, had no title whatever to the property. We are of the opinion that the circuit court was right in placing appellant's mortgage third in the list of liens against the property in controversy, it being virtually conceded that the conveyance of the property made to Jacob Zujic was in fact intended to be conveyed to Jacob Zurich.

The judgment of the circuit court is affirmed.